Mr. Donovan A. Roper Counsel, City of Palm Bay 116 North Park Avenue Apopka, Florida 32703
Dear Mr. Roper:
On behalf of the City of Palm Bay, you ask substantially the following questions:
1. Are meetings of the city's risk management committee, established by city ordinance to review certain proposed claim settlements under the city's risk management program, subject to the Government in the Sunshine Law?
2. Is section 286.011(8), Florida Statutes, requiring an entity's attorney to advise the entity at a public meeting that he or she desires advice concerning litigation, satisfied by a previously published and posted notice of a meeting of the board that includes a statement that the attorney seeks the board's advice?
Question One
According to your letter, the City of Palm Bay by ordinance has created a risk management program for the administration of general liability claims, settlement of claims, a claims prevention program and a risk management fund.[1] The ordinance creates a risk management committee composed of the city manager, the city attorney, and one city council member.[2] The committee is responsible for reviewing all proposed claims settlement demands made either against the city or by the city except for those claims that can be settled for $10,000 or less and authorizing settlements not to exceed $50,000.[3]
Section 286.011(1), Florida Statutes, Florida's Government in the Sunshine Law, provides in pertinent part that "[a]ll meetings of any board or commission . . . of any agency or authority of any . . . municipal corporation . . . at which official acts are to be taken are declared to be public meetings open to the public at all times . . . ." As the Florida Supreme Court stated in City of Miami Beach v. Berns,[4]
"[t]he Legislature intended to extend application of the `open meeting' concept so as to bind every `board or commission' of the state, or of any county or political subdivision over which it has dominion or control." As a committee established by city ordinance to review and approve or recommend settlements, the risk management committee clearly is a board or commission subject to section 286.011, Florida Statutes.
While you refer to section 286.011(8), Florida Statutes, which creates a limited attorney-client exception to discuss pending litigation, the provisions of section 768.28(16), Florida Statutes, would appear to be more applicable to your inquiry. Section 768.28(16) authorizes the state and its agencies and subdivisions to be self-insured, to enter into risk management programs, or to purchase liability insurance for whatever coverage they may choose, or to have any combination thereof, in anticipation of any claim, judgment, and claims bill that they may be liable to pay pursuant to section 768.28.[5] The statute includes several provisions dealing with the confidential treatment of meetings and records relating to risk management programs.
Section 768.28(16)(c) and (d), Florida Statutes, states:
"(c) Portions of meetings and proceedings conducted pursuant to any risk management program administered by the state, its agencies, or its subdivisions, which relate solely to the evaluation of claims filed with the risk management program or which relate solely to offers of compromise of claims filed with the risk management program are exempt from the provisions of s. 286.011 and s. 24(b), Art. I of the State Constitution. Until termination of all litigation and settlement of all claims arising out of the same incident, persons privy to discussions pertinent to the evaluation of a filed claim shall not be subject to subpoena in any administrative or civil proceeding with regard to the content of those discussions.
(d) Minutes of the meetings and proceedings of any risk management program administered by the state, its agencies, or its subdivisions, which relate solely to the evaluation of claims filed with the risk management program or which relate solely to offers of compromise of claims filed with the risk management program are exempt from the provisions of s. 119.07(1) and s. 24(a), Art. I of the State Constitution until termination of all litigation and settlement of all claims arising out of the same incident."
Section 768.28(2), Florida Statutes, defines "state agencies or subdivisions" to include "counties and municipalities[.]"
Application of the exemption afforded by section 768.28(16), Florida Statutes, however, is limited to tort claims for which the agency may be liable under section 768.28, Florida Statutes.[6] Moreover, pursuant to section 768.28(16), a risk management meeting conducted by a city's risk management committee is exempt from the provisions of the Government in the Sunshine Law when such meeting relates solely to the evaluation of a tort claim filed with the risk management program, or relates solely to an offer of compromise of a tort claim filed with the risk management program. Unlike statutes such as section 286.011(8), Florida Statutes, however, section 768.28(16), Florida Statutes, does not specify the personnel who may attend meetings.[7]
Regarding the applicability of the exemption afforded by section286.011(8), Florida Statutes, that subsection provides:
"(8) Notwithstanding the provisions of subsection (1), any board or commission of any state agency or authority or any agency or authority of any county, municipal corporation, or political subdivision, and the chief administrative or executive officer of the governmental entity, may meet in private with the entity's attorney to discuss pending litigation to which the entity is presently a party before a court or administrative agency, provided that the following conditions are met: (a) The entity's attorney shall advise the entity at a public meeting that he or she desires advice concerning the litigation. (b) The subject matter of the meeting shall be confined to settlement negotiations or strategy sessions related to litigation expenditures. (c) The entire session shall be recorded by a certified court reporter. The reporter shall record the times of commencement and termination of the session, all discussion and proceedings, the names of all persons present at any time, and the names of all persons speaking. No portion of the session shall be off the record. The court reporter's notes shall be fully transcribed and filed with the entity's clerk within a reasonable time after the meeting. (d) The entity shall give reasonable public notice of the time and date of the attorney-client session and the names of persons who will be attending the session. The session shall commence at an open meeting at which the persons chairing the meeting shall announce the commencement and estimated length of the attorney-client session and the names of the persons attending. At the conclusion of the attorney-client session, the meeting shall be reopened, and the person chairing the meeting shall announce the termination of the session. (e) The transcript shall be made part of the public record upon conclusion of the litigation."
The exemption provided by section 286.011(8), Florida Statutes, is not limited to tort claims. The exemption, however, does not create a blanket exception to the open meeting requirement of the Sunshine Law for all meetings between a public board or commission and its attorney. The exemption merely provides a governmental entity's attorney an opportunity to receive necessary direction and information from the governmental entity. The exemption may only be used when the attorney for a governmental entity seeks advice on settlement negotiations or strategy relating to litigation expenditures. Such meetings may not be used to finalize action or to discuss matters outside these two narrowly prescribed areas.[8] It was not intended to be used as a blanket exception for a board or commission, such as a risk management committee, to carry out its routine functions.[9] Moreover, its application is limited to pending litigation; it does not apply when no lawsuit has been filed even though the parties involved believe litigation is inevitable.[10]
Accordingly, I am of the opinion that pursuant to section 768.28(16), a risk management meeting conducted by a city's risk management committee is exempt from the provisions of the Government in the Sunshine Law when such meeting relates solely to the evaluation of a tort claim filed with the risk management program, or relates solely to an offer of compromise of a tort claim filed with the risk management program. While the exemption provided in section 286.011(8), Florida Statutes, is not limited to tort claims, it applies only when the attorney for a governmental entity seeks advice on settlement negotiations or strategy relating to litigation expenditures when there is pending litigation and was not intended to be used as a blanket exception for a board or commission, such as a risk management committee, to carry out its routine functions.
Question Two
You ask whether the provisions of section 286.011(8), Florida Statutes, requiring that an entity's attorney advise the entity at a public meeting that he or she desires advice concerning litigation, may be satisfied by a previously published and posted notice of the closed meeting.
Section 286.011(8), Florida Statutes, permits any governmental agency, its chief executive, and its attorney to meet in private if the agency is a party to litigation and the attorney desires advice concerningsettlement negotiations or strategy. The statute requires that must be met that the governmental entity's attorney "shall advise the entity at a public meeting that he or she desires advice concerning the litigation."[11] Thus, one of the conditions that must be met prior to the holding of a closed attorney-client meeting is that the entity's attorney must indicate to the board at a public meeting, i.e., at a meeting the public may attend, that he or she wishes the advice of the board regarding pending litigation to which the entity is presently a party before a court or administrative agency.
Using the published and posted notice of a meeting of the board to advise the entity that the attorney seeks the advice of the public board does not comply with the terms of the statute. A legislative directive as to how a thing should be done is, in effect, a prohibition against its being done in any other way. Where the Legislature has prescribed the mode, that mode must be observed.[12] Moreover, the courts of this state have held that the provisions of section 286.011(8), Florida Statutes, are to be strictly and narrowly construed.[13] If the attorney does not advise the board at a public meeting that he or she desires the board's advice regarding the litigation, the board is not precluded from providing such advice to the attorney but it must do so at a public meeting.
Accordingly, I am of the opinion that the requirements of section286.011(8), Florida Statutes, that an entity's attorney advise the entity at a public meeting that he or she desires advice concerning litigation, is not satisfied by a previously published and posted notice. Rather, such an announcement must be made at a public meeting, that is, a meeting the public has a right to attend.
Sincerely,
Charlie Crist Attorney General
CC/tjw
[1] See City of Palm Bay Ordinance 2003-52 (Ordinance).
[2] Section 3, Ordinance.
[3] Id. And see s. 5. D. E. and F, Ordinance, providing:
"D. Proposed settlements in excess of Ten Thousand Dollars ($10,000) but not more than Fifty Thousand Dollars ($50,000) for each individual claim shall be reviewed by the Risk Management Committee. Payment shall be made upon consensus of that Committee, provided that such settlement or compromise shall be for all damages claimed for personal injury, property damage, or both.
E. Proposed settlements in excess of Fifty Thousand Dollars ($50,000) shall be submitted by the Risk Management Committee to the City Council for its approval.
F. In the event that a settlement has been tendered upon consensus by the Risk Management Committee in the amount of Fifty Thousand Dollars ($50,000) or less, and such settlement is not acceptable to the claimant, then the Risk Management Committee shall submit this matter, along with its recommendation to the City Council, for its ultimate decision."
[4] 245 So.2d 38, 40 (Fla. 1971).
[5] Section 768.28(16)(a), Fla. Stat.
[6] See Op. Att'y Gen. Fla. 00-07 (2000), concluding that the records of outside attorney fee bills for the defense of the county for alleged civil rights violations are public records subject to disclosure, even though those records may be maintained by the County Risk Management Office pursuant to the county's risk management program.
[7] See Op. Att'y Gen. Fla. 00-20 stating that in the absence of direction from the Legislature with regard to the participants in a risk management meeting or proceeding under section 768.28(15), Florida Statutes (now s. 768.28(16), it would appear that personnel of the school district who are involved in the risk management aspect of the tort claim being litigated or settled may attend such meetings without jeopardizing the confidentiality provisions of the statute.
[8] See Op. Att'y Gen. Fla. 99-37 (1999).
[9] See School Board of Duval County v. Florida Publishing Company,670 So.2d 99, 100 (Fla. 1st DCA 1996), and Zorc v. City of Vero Beach,722 So.2d 891, 898 (Fla. 4th DCA 1998), review denied, 735 So.2d 1284
(Fla. 1999) quoting Florida House of Representatives Committee on Government Operations, CS/HB 491 (1993) Final Bill Analysis Economic Impact Statement at 3,
"This act simply provides a governmental entity's attorney an opportunity to receive necessary direction and information from the governmental entity. No final decisions on litigation matters can be voted on during these private, attorney-client strategy meetings. The decision to settle a case, for a certain amount of money, under certain conditions is a decision which must be voted upon in a public meeting."
[10] See Op. Att'y Gen. Fla. 98-21 (1998).
[11] Section 286.011(8)(a), Fla. Stat.
[12] See generally Alsop v. Pierce, 19 So.2d 799, 805-806 (Fla. 1944); Thayer v. State, 335 So.2d 815, 817 (Fla. 1976).
[13] See School Board of Duval County v. Florida Publishing Company,supra, and Zorc v. City of Vero Beach, supra; City of Dunnellon v. Aran,662 So.2d 1026 (Fla. 5th DCA 1995).