670 So.2d 99 (1996)
The SCHOOL BOARD OF DUVAL COUNTY, Florida and Larry L. Zenke, Ed.D., Superintendent, Duval County Schools, Appellants,
v.
FLORIDA PUBLISHING COMPANY, a Corporation, d/b/a The Florida Times-Union, Appellee.
No. 95-1965.
District Court of Appeal of Florida, First District.
February 20, 1996.
Rehearing Denied April 12, 1996.
Thomas R. Welch, Interim General Counsel, Steven E. Rohan, Deputy General Counsel, Jacksonville, for Appellants.
George D. Gabel, Jr., and Robert M. Dees of the law firm of Gabel & Hair, Jacksonville, for Appellee.
Robert A. Butterworth, Attorney General, Patricia Gleason and Charlie McCoy, Assistant Attorneys General, Tallahassee, amicus curiae.
ERVIN, Judge.
This is an appeal from a final order granting a petition for writ of mandamus filed by appellee, Florida Publishing Company, d/b/a The Florida Times-Union, and directing appellants, the School Board of Duval County and Superintendent Larry L. Zenke, to make available to Florida Publishing all transcripts and recordings of "shade" meetings held in January and February 1995, as well as desegregation proposals and documents created at those meetings. Appellants raise five issues on appeal, and, although we affirm all, we deem it necessary to address only the contention that the trial court erred in finding that the presence of staff members and a consultant at the meetings constituted a violation of the requirements of section 286.011(8), Florida Statutes (1993).
Florida requires governmental entities to conduct their business at open public meetings, that is, "in the sunshine." § 286.011(1), Fla.Stat. (1993). The following exemption to the sunshine law was created in 1993:

*100 (8) Notwithstanding the provisions of subsection (1), any board or commission of any state agency or authority or any agency or authority of any county, municipal corporation, or political subdivision, and the chief administrative or executive officer of the governmental entity, may meet in private with the entity's attorney to discuss pending litigation to which the entity is presently a party before a court or administrative agency, provided that the following conditions are met:
(a) The entity's attorney shall advise the entity at a public meeting that he desires advice concerning the litigation.
(b) The subject matter of the meeting shall be confined to settlement negotiations or strategy sessions related to litigation expenditures.
(c) The entire session shall be recorded by a certified court reporter. The reporter shall record the times of commencement and termination of the session, all discussion and proceedings, the names of all persons present at any time, and the names of all persons speaking. No portion of the session shall be off the record. The court reporter's notes shall be fully transcribed and filed with the entity's clerk within a reasonable time after the meeting.
(d) The entity shall give reasonable public notice of the time and date of the attorney-client session and the names of persons who will be attending the session. The session shall commence at an open meeting at which the persons chairing the meeting shall announce the commencement and estimated length of the attorney-client session and the names of the persons attending. At the conclusion of the attorney-client session, the meeting shall be reopened, and the person chairing the meeting shall announce the termination of the session.
(e) The transcript shall be made part of the public record upon conclusion of the litigation.
§ 286.011(8), Fla.Stat. (1993) (emphasis added).
Before the enactment of this exemption, the sunshine law had been construed to apply to all meetings between governmental agencies and their attorneys conducted for the purpose of discussing settlement of pending litigation. No attorney-client privilege was recognized. Neu v. Miami Herald Pub. Co., 462 So.2d 821 (Fla.1985); Staff of Fla. H.R.Comm. on Gov't Operations, CS/HB 491 (1993) Final Bill Analysis & Economic Impact Statement 2 (Fla.State Archives) (hereinafter "Final Staff Analysis"). Additionally, while section 119.07(3)(n), Florida Statutes, authorized a limited work-product exemption to the public records act, this exemption was restricted to documents prepared by the agency's attorney; it did not exempt any type of return communication from the governmental client to the attorney. Final Staff Analysis, at 2.
As explained in the analysis, the 1993 addition to section 286.011(8) permits any governmental agency, its chief executive and attorney to meet in private if the agency is a party to litigation and the attorney desires advice concerning settlement negotiations or strategy. The amendment was not, however, intended to permit nondesignated personnel to discuss settlement matters in private with the agency, as was emphasized in the following excerpt from the Staff Analysis:
This act simply provides a governmental entity's attorney an opportunity to receive necessary direction and information from the government entity. No final decisions on litigation matters can be voted on during these private, attorney-client strategy meetings. The decision to settle a case, for a certain amount of money, under certain conditions is a decision which must be voted upon in a public meeting.
Final Staff Analysis, at 3.
A recent attorney general's opinion recognized the narrow exception authorized by the 1993 amendment. The City of Destin asked the attorney general to issue an opinion concerning whether section 286.011(8) authorized consultants to attend a closed meeting on litigation strategy between the city's governing board and attorney. The attorney general answered this question in the negative, stating that section 286.011(8) did
not create a blanket exception to the open meeting requirement of the Sunshine Law *101 for all meetings between a public board or commission and its attorney. The exemption is narrower than the attorney-client communications exception recognized for private litigants. Only discussions on pending litigation to which the public entity... is presently a party are subject to its terms. Such discussions are limited to settlement negotiations or strategy sessions related to litigation expenditures.
Op. Att'y Gen. Fla. 95-06, 4 (1995) (footnotes omitted). The opinion continued that section 286.011(8),
by its terms, is not expansive but is limited to particular individuals who are, in their official capacity, authorized to discuss particular limited subjects, i.e., litigation strategy or settlement negotiations. Nothing in the language of the statute authorizes the attendance of persons other than those officials who are designated to participate in these private strategy sessions.
Id. at 4. The attorney general concluded, based on the rule of statutory construction recognizing that if a statute specifically sets forth those things upon which it is to operate, it is to be construed as excluding from its operation all things not expressly mentioned, that "a consultant may not attend a strategy session to provide technical support during a closed meeting held to discuss litigation strategy or settlement negotiations pursuant to section 286.011(8)." Id. In so concluding, the attorney general also relied on the rule that the sunshine law is to be liberally construed and its exemptions narrowly interpreted.
The school board argues that the opinion incorrectly construed the language of the amendment; that such an interpretation of the statute leads to an unreasonable and absurd result, because administrative staff and consultants are a necessary part of the negotiation process. See City of Boca Raton v. Gidman, 440 So.2d 1277, 1281 (Fla.1983) (no literal interpretation should be placed on a statute that leads to an unreasonable or ridiculous result). We cannot agree.
Considering the purpose of the sunshine law, that is, the protection of the public's right to be present and to be heard during all phases of enactments by governmental boards and commissions,[1] and the principle that the act should be accorded a liberal construction to give effect to the public purpose and to frustrate evasive devices,[2] we are unable to conclude that the attorney general's interpretation of the statute is at variance with the legislative purpose. As previously observed, section 286.011(8) does not expressly refer to either staff or consultants. See City of Dunnellon v. Aran, 662 So.2d 1026 (Fla. 5th DCA 1995) (holding that legislature intended strict construction of exception in section 286.011(8)). Moreover, the superintendent and individual school board members are free to meet with staff in private at any time, in that staff personnel are not subject to the sunshine law. Blackford v. School Bd. of Orange County, 375 So.2d 578 (Fla. 5th DCA 1979).[3]
AFFIRMED.
MINER and LAWRENCE, JJ., concur.
NOTES
[1] Board of Pub. Instr. of Broward County v. Doran, 224 So.2d 693, 699 (Fla.1969).
[2] Wood v. Marston, 442 So.2d 934, 938 (Fla. 1983); Florida Parole & Probation Comm'n v. Thomas, 364 So.2d 480, 481 (Fla. 1st DCA 1978).
[3] In reaching our decision, we have not overlooked appellants' argument that Brown v. City of Lauderhill, 654 So.2d 302 (Fla. 4th DCA 1995), placed an expansive interpretation on the 1993 amendment which is contrary to that of the attorney general's. We cannot agree. No issue was before the court in Brown, as here, regarding whether administrative personnel could lawfully meet in private with the responsible governmental entity to discuss pending litigation.