Mr. G. Russell Petersen Indian River County School Board Attorney 3339 Cardinal Drive, Suite 200 Vero Beach, Florida 32963
Dear Mr. Petersen:
On behalf of the Indian River County School Board, you ask substantially the following questions:
1. May the superintendent and the labor negotiating committee meet with the school board pursuant to section 447.605(1), Florida Statutes, and discuss matters relating to pending collective bargaining, in closed session and exempt from section 286.011, Florida Statutes?
2. May the school board attorney meet with the school board, its litigation attorney and the superintendent pursuant to section286.011(8), Florida Statutes, and discuss matters relating to pending litigation in closed session?
In sum:
1. Where the superintendent's responsibility to conduct collective bargaining on behalf of the school board has been completely delegated to a separate labor negotiating committee and the superintendent does not participate in the collective bargaining negotiations, the exemption afforded by section 447.605(1), Florida Statutes, applies to discussions between the labor negotiating committee and the school board only and does not encompass discussions among the committee, school board and superintendent.
2. Although the litigation attorney may be primarily responsible for handling the litigation for the school board, in most cases the governmental entity's attorney will still be involved in the litigation. Accordingly, as the purpose of the meeting held pursuant to section 286.011(8), Florida Statutes, is to allow the attorney to seek direction and information from the governmental entity regarding the litigation, it appears appropriate that both the school board attorney and the litigation attorney may attend the meeting.
Question One
Section 286.011(1), Florida Statutes, requires that meetings of governmental boards be conducted in the sunshine. Florida courts have repeatedly stated that it is the entire decision-making process to which the Sunshine Law applies and not merely to a formal assemblage of a public body at which voting to ratify an official decision is carried out. Thus, the statute extends to discussions and deliberations as well as to formal action taken by a public body.[1]
Section 447.605(1), Florida Statutes, however, grants a limited exemption from the requirements of section 286.011, Florida Statutes, for certain meetings relating to collective bargaining, stating:
"All discussions between the chief executive officer of the public employer, or his or her representative, and the legislative body or the public employer relative to collective bargaining shall be closed and exempt from the provisions of s. 286.011." (e.s.)
The exemption only extends to and applies in the context of the collective bargaining process itself and is inapplicable in the absence of actual or impending collective bargaining negotiations.[2]
The chief executive officer of a public employer is responsible for bargaining collectively with the representative of the employee organization and consulting with and representing the views of the legislative body of the public employer.[3] Any agreement reached between the chief executive officer and the employees' bargaining agent must be ratified by the legislative body of the public employer at a regularly scheduled meeting before it becomes binding on the employer.[4] If the legislative body does not ratify the tentative agreement or if a majority of the employees do not ratify it, the agreement is returned to the chief executive officer and the employee organization for further negotiations.[5] Thus, the purpose of the discussions between the chief executive officer, or his representative, and the legislative body of the public employer is to allow the chief executive officer or representative to seek direction and information from the public employer regarding its position on the pending collective bargaining issues.
Section 447.203(9) of Part II, Chapter 447, Florida Statutes, defines the term "[c]hief executive officer" as used in that part, and specifically as used in section 447.605(1), Florida Statutes, to mean "the person, whether elected or appointed, who is responsible to the legislative body of the public employer for the administration of the governmental affairs of the public employer."[6]
In Attorney General Opinion 85-99, this office concluded that the negotiating committee of a city that lacked a city administrator or city manager could utilize the exemption afforded by section447.605(1), Florida Statutes, when meeting with the city council to discuss pending collective bargaining negotiations. This office noted that the term "person" used in the definition of "chief executive officer" contained in section 447.203(9), Florida Statutes, need not be interpreted to mean only individuals.[7]
This office thus concluded that the chief executive officer, whether that position be held by an individual or a group, should also be allowed the benefits provided by section 447.605(1), Florida Statutes, that is, the opportunity to consult privately with the legislative body or the public employer. Moreover, section 447.605(1), Florida Statutes, specifically recognizes that the role of the chief executive officer may be delegated to the officer's representative.
You state that the responsibility of the superintendent relative to collective bargaining has been delegated to the labor negotiating committee. According to your letter, the superintendent only selects the members of the separate labor negotiating committee and does not participate in the collective bargaining negotiations. As noted above, it is the responsibility of the superintendent as chief executive officer or, as here, the superintendent's representative, to consult with and represent the views of the school board during collective bargaining negotiations. The discussions exempted pursuant to section447.605(1), Florida Statutes, are to advise such negotiators of the stance and position of the public employer. Accordingly, where the superintendent's responsibility to conduct collective bargaining has been completely delegated to a separate and independent labor negotiating committee and the superintendent does not participate in the collective bargaining negotiations, the exemption afforded by section 447.605(1), Florida Statutes, relates only to the discussions between the labor negotiating committee and the school board and does not encompass discussions among the committee, school board and superintendent.
Question Two
As noted in Question One, Florida requires governmental entities to conduct their business at open public meetings. In 1993, however, the Legislature created a limited exception for attorney-client discussions. Section 286.011(8), Florida Statutes, provides:
"Notwithstanding the provisions of subsection (1), any board or commission of any state agency or authority or any agency or authority of any county, municipal corporation, or political subdivision, and the chief administrative or executive officer of the governmental entity, may meet in private with the entity's attorney to discuss pending litigation to which the entity is presently a party before a court or administrative agency, provided that the following conditions are met:
(a) The entity's attorney shall advise the entity at a public meeting that he or she desires advice concerning the litigation.
(b) The subject matter of the meeting shall be confined to settlement negotiations or strategy sessions related to litigation expenditures.
(c) The entire session shall be recorded by a certified court reporter. The reporter shall record the times of commencement and termination of the session, all discussion and proceedings, the names of all persons present at any time, and the names of all persons speaking. No portion of the session shall be off the record. The court reporter's notes shall be fully transcribed and filed with the entity's clerk within a reasonable time after the meeting.
(d) The entity shall give reasonable public notice of the time and date of the attorney-client session and the names of persons who will be attending the session. The session shall commence at an open meeting at which the persons chairing the meeting shall announce the commencement and estimated length of the attorney-client session and the names of the persons attending. At the conclusion of the attorney-client session, the meeting shall be reopened, and the person chairing the meeting shall announce the termination of the session.
(e) The transcript shall be made part of the public record upon conclusion of the litigation."
Prior to the enactment of this exemption, no attorney-client privilege for governmental agencies was recognized and the Sunshine Law had been construed to apply to all meetings between governmental agencies and their attorneys conducted for the purpose of discussing settlement of pending litigation.[8]
The courts have held that the Legislature intended a strict construction of the exemption afforded by section 286.011(8), Florida Statutes.[9] In keeping with this mandate, this office in Attorney General Opinion 95-06 stated that only those persons listed in the statutory exemption — that is, the entity, the entity's attorney, the chief administrative officer of the entity, and the court reporter — are authorized to attend a closed attorney-client session. Other staff members or consultants may not be present at such closed sessions:
"Section 286.011(8), Florida Statutes, by its terms, is not expansive but is limited to particular individuals who are, in their official capacity, authorized to discuss particular limited subjects, i.e., litigation strategy or settlement negotiations. Nothing in the language of the statute authorizes the attendance of persons other than those officials who are designated to participate in these private strategy sessions."
In School Board of Duval County v. Florida Publishing Company,[10]
the court stated that it was unable to conclude that the interpretation of the statute in Attorney General Opinion 95-06 is at variance with the legislative intent. The court examined the staff analysis for the legislation. As explained in the analysis, the 1993 addition to section 286.011(8), Florida Statutes, permits any governmental agency, its chief executive, and its attorney to meet in private if the agency is a party to litigation and the attorney desires advice concerning settlement negotiations or strategy. The amendment was not, however, intended to permit nondesignated personnel to discuss settlement matters in private with the agency. As emphasized in the staff analysis:
"This act simply provides a governmental entity's attorney an opportunity to receive necessary direction and information from the government entity. No final decisions on litigation matters can be voted on during these private, attorney-client strategy meetings. The decision to settle a case, for a certain amount of money, under certain conditions is a decision which must be voted upon in a public meeting."[11]
While it appears that the school board has a litigation attorney and a school board attorney, you have not advised this office of the respective roles of each in handling the litigation. Even though outside counsel may be employed by a governmental entity to handle the litigation, it has been this office's experience that in most cases the governmental entity's attorney will still be involved in such litigation.
Thus, since the purpose of the meeting between the board, its chief administrative officer, and its attorney is to allow the attorney to seek direction and information from the governmental entity regarding the litigation, it appears appropriate that both the school board attorney and the litigation attorney may attend the meeting with the superintendent and school board pursuant to section 286.011(8), Florida Statutes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, Board of Public Instruction of Broward County v. Doran,224 So.2d 693, 699 (Fla. 1969), in which the Court recognized the right of the public to be present and heard during all phases of enactments by public boards; Times Publishing Company v. Williams,222 So.2d 470, 473 (Fla. 2d DCA 1969).
[2] See, City of Fort Myers v. News-Press Publishing Company,Inc., 514 So.2d 408 (Fla. 2d DCA 1987); Op. Att'y Gen. Fla. 75-48 (1975).
[3] See, s. 447.309, Fla. Stat.; City of Winter Haven v. FloridaPublic Employees Relations Commission, 358 So.2d 1374, 1376 (Fla. 1st DCA 1978).
[4] Section 447.309(1), Fla. Stat.
[5] Section 447.309(4), Fla. Stat.
[6] And see, Op. Att'y Gen. Fla. 85-99 (1985), referencingLiberty County NEA/FTP-NEA v. School Board of Liberty County andLaquita Shuler, 6 FPER para. 11012, in which the Florida Public Employees Relations Commission applied a functional test in stating that a school superintendent was a "chief executive officer" within the meaning of s. 447.203(9), referring to pertinent extraneous statutory provisions describing the required duties and functions of a superintendent, including the superintendent's duty to advise and counsel with the School Board and to make recommen-dations regarding numerous matters of policy and administration.
[7] See, e.g., s. 1.01(3), Fla. Stat., providing that in construing the Florida Statutes, where the context will permit, the word "person" includes "individuals, children, firms, associations, joint adventures, partnerships, estates, trusts, business trusts, syndicates, fiduciaries, corporations, and all other groups or combinations."
[8] Neu v. Miami Herald Publishing Company, 462 So.2d 821 (Fla. 1985); and see, Staff of Fla.H.R.Comm. on Government Operations, CS/HB 491 (1993) Final Bill Analysis Economic Impact Statement 2 [hereafter Staff Analysis].
[9] City of Dunnellon v. Aran, 662 So.2d 1026 (Fla. 5th DCA 1995); School Board of Duval County v. Florida Publishing Company,670 So.2d 99 (Fla. 1st DCA 1996).
[10] 662 So.2d at 101.
[11] Final Staff Analysis, at 3. School Board of Duval County v.Florida Publishing Company, supra at 100.