Mr. Michael S. Mullin Nassau County Attorney Post Office Box 1010 Fernandina Beach, Florida 32035-1010
Dear Mr. Mullin:
You ask substantially the following question:
Is the clerk of the court entitled to attend a meeting of the board of county commissioners held pursuant to section 286.011(8), Florida Statutes?
In sum:
Section 286.011(8), Florida Statutes, specifies who may attend a meeting held pursuant to its terms and does not include the clerk of the court.
Florida law generally requires governmental entities to conduct their business at open public meetings.[1] In 1993, however, the Legislature created a limited exception for attorney-client discussions.[2] Section 286.011(8), Florida Statutes, provides:
"(8) Notwithstanding the provisions of subsection (1), any board or commission of any state agency or authority or any agency or authority of any county, municipal corporation, or political subdivision, and the chief administrative or executive officer of the governmental entity, may meet in private with the entity's attorney to discuss pending litigation to which the entity is presently a party before a court or administrative agency, provided that the following conditions are met:
(a) The entity's attorney shall advise the entity at a public meeting that he or she desires advice concerning the litigation.(b) The subject matter of the meeting shall be confined to settlement negotiations or strategy sessions related to litigation expenditures.
(c) The entire session shall be recorded by a certified court reporter. The reporter shall record the times of commencement and termination of the session, all discussion and proceedings, the names of all persons present at any time, and the names of all persons speaking. No portion of the session shall be off the record. The court reporter's notes shall be fully transcribed and filed with the entity's clerk within a reasonable time after the meeting.
(d) The entity shall give reasonable public notice of the time and date of the attorney-client session and the names of persons who will be attending the session. The session shall commence at an open meeting at which the persons chairing the meeting shall announce the commencement and estimated length of the attorney-client session and the names of the persons attending. At the conclusion of the attorney-client session, the meeting shall be reopened, and the person chairing the meeting shall announce the termination of the session.
(e) The transcript shall be made part of the public record upon conclusion of the litigation."
Section 286.011(8), Florida Statutes, does not create a blanket exception to the open meeting requirements of the Sunshine Law and is narrower than the attorney-client communications exception recognized for private litigants.[3] Only discussions on pending litigation to which the public entity is presently a party are subject to its terms. Moreover, such discussions are limited to settlement negotiations or strategy sessions related to litigation expenditures. In addition, the other conditions specified by the Legislature must be fully met by a public entity in order to claim the exemption.
The courts have held that the Legislature intended a strict construction of the exemption afforded by section 286.011(8), Florida Statutes.[4] In keeping with this mandate, this office in Attorney General Opinion 95-06 stated that only those persons listed in the statutory exemption — that is, the entity, the entity's attorney, the chief administrative officer of the entity, and the court reporter — are authorized to attend a closed attorney-client session. Other staff members or consultants may not be present at such closed sessions.
In School Board of Duval County v. Florida Publishing Company,[5]
the court stated that the interpretation of the statute in Attorney General Opinion 95-06 appeared consistent with the legislative intent. As explained in the staff analysis for the legislation, the 1993 addition to section 286.011(8), Florida Statutes, permits any governmental agency, its chief executive, and its attorney to meet in private if the agency is a party to litigation and the attorney desires advice concerning settlement negotiations or strategy. The amendment does not, however, permit nondesignated personnel to discuss settlement matters in private with the agency:
This act simply provides a governmental entity's attorney an opportunity to receive necessary direction and information from the government entity. No final decisions on litigation matters can be voted on during these private, attorney-client strategy meetings. The decision to settle a case, for a certain amount of money, under certain conditions is a decision which must be voted upon in a public meeting.[6]
In Zorc v. City of Vero Beach,[7] the court again looked to the statute's legislative history to determine whether the city's action at a closed meeting went beyond the statute's scope. The court concluded that the city's action in a closed-door meeting authorizing its counsel to include specified language in a consent decree and to sign any necessary documents in order to settle the city's claim was formal action requiring a vote at a public meeting. In considering who may attend such meetings, the court stated that only those persons listed in the statutory exemption of Sunshine Law are authorized to attend closed attorney-client sessions to discuss pending litigation; other staff members and consultants are not allowed to attend. With respect to the attendance of the clerk, the court stated:
"We do, however, find that the attendance of the City Clerk and Deputy City Clerk at closed meetings to be improper. In support, the City relies upon the City's Charter which provides that "[t]he City Clerk shall give notice of all City meetings to the Councilmen and the public as required by law and shall attend all such meetings in person or by designee and shall keep minutes of the proceedings." See Vero Beach, Fla., Ordinance s. 3.05 (1982). However, section 286.011(8)(c) provides for all closed attorney-client meetings to be recorded by a certified court reporter, thereby negating the need for the City Clerk to attend such meetings. Clearly, any conflict between the City Charter and section 286.011(8) is negated under Article VIII, Section 2(b) of the Florida Constitution which provides that municipalities may exercise any power for municipal purposes except as provided bylaw. (emphasis supplied). Municipal ordinances are inferior to laws of the state and must not conflict with any controlling provision of a statute. See Thomas v. State, 614 So.2d 468, 470
(Fla. 1993). A municipality cannot forbid what the legislature has expressly licensed, authorized or required, nor may it authorize what the legislature has expressly forbidden. See Thomas v. State,583 So.2d 336, 340 (Fla. 5th DCA 1991), approved, 614 So.2d 468
(Fla. 1993)."
You refer to the Florida Constitution which provides that the clerk is a county officer who shall be "ex officio clerk of the board of county commissioners, auditor, recorder and custodian of all county funds."[8] In one early case, the court stated that it was the intent of the constitution, in making the clerks of the circuit courts in the several counties also clerks of the boards of county commissioners, that they, as official recorders and custodians of the records generally of the county, should write up and keep the records of the proceedings of such boards.[9] Section125.17, Florida Statutes, provides:
"The clerk of the circuit court for the county shall be clerk and accountant of the board of county commissioners. He or she shall keep their minutes and accounts, and perform such other duties as their clerk as the board may direct. . . ."
Section 286.011(8), Florida Statutes, does not include the clerk of the court among those authorized to attend the closed meeting. As noted in Zorc, however, the statute requires all closed attorney-client meetings to be recorded by a certified court reporter. The court reporter's notes are required to be fully transcribed and filed with the clerk within a reasonable time after the meeting.
While the constitution prescribes that the clerk of the court serves as the ex officio clerk of the board of county commissioners, section 286.011(8), Florida Statutes, does not authorize the clerk to attend the closed attorney-client meetings. This office has no authority to add words to a statute.[10]
Moreover, this office must presume the validity of any duly enacted statute.[11]
Accordingly, I am of the opinion that section 286.011(8), Florida Statutes, specifies who may attend a meeting held pursuant to its terms and does not include the clerk of the court.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, s. 286.011, Fla. Stat. (Government in the Sunshine Law), and Ch. 119, Fla. Stat. (Public Records Law). And see, Art.I, s. 24, Fla. Const. (access to public records and meetings).
[2] See, s. 1, Ch. 93-232, Laws of Florida, effective June 30, 1993, which added subsection (8) to s. 286.011, Fla. Stat.
[3] Cf., s. 90.502, Fla. Stat., recognizing a lawyer-client privilege under the Florida Evidence Code.
[4] See, City of Dunnellon v. Aran, 662 So.2d 1026 (Fla. 5th DCA 1995); School Board of Duval County v. Florida PublishingCompany, 670 So.2d 99 (Fla. 1st DCA 1996).
[5] 670 So.2d 99 (Fla. 1st DCA 1996).
[6] Staff of Fla.H.R.Comm. on Government Operations, CS/HB 491 (1993) Final Bill Analysis Economic Impact Statement at 3. Andsee, School Board of Duval County v. Florida Publishing Company,
670 at 100, discussing the legislative history.
[7] 722 So.2d 891 (Fla. 4th DCA 1998), rev. den.,735 So.2d 1284 (Fla. 1999).
[8] Article VIII, s. 1(d), Fla. Const. 
[9] Johnson v. Wakulla County, 9 So. 690, 694 (Fla. 1891).
[10] See, e.g., Ops. Att'y Gen. Fla. 82-80 (1982) (Attorney General is not free to add words to a statute to support a conclusion that the plain wording of the statute does not supply); 94-09 (1994); 87-43 (1987); 86-32 (1986); and 82-20 (1982). Andsee, Chaffee v. Miami Transfer Company, Inc., 288 So.2d 209 (Fla. 1974) (Attorney General's Office has no authority to supply additional words to or modify the meaning of a duly enacted statute).
[11] Cf., Pickerill v. Schott, 55 So.2d 716, 719 (Fla. 1951) (duty of beverage director to observe the law as he found it until in a proper proceeding its constitutionality is judicially passed upon).