Dear Ms. McCree:
On behalf of a majority of the members of the governing board of the Southwest Florida Water Management District, you request an opinion on substantially the following question:
May a closed attorney-client session be held pursuant to section286.011, Florida Statutes, to discuss settlement negotiations on an issue that is the subject of ongoing mediation pursuant to a partnership agreement between the water management district and others?
According to your letter, in 1995 the Northern Tampa Bay New Water Supply and Ground Water Withdrawal Reduction Agreement (partnership agreement) was entered into by the West Coast Regional Water Supply Authority, Hillsborough County, Pasco County, Pinellas County, the City of Tampa, the City of St. Petersburg, the City of New Port Richey and the Southwest Florida Water Management District (district).[1] The partnership agreement contains a dispute resolution process that any party may initiate by providing to the other party written notice of the issue or issues raised and the complaining party's position on it. If the parties are unable to reach a mediated settlement within thirty days of the mediator's appointment, either party may terminate the settlement discussions by written notice and "either party may initiate litigation or petition for an administrative hearing to the extent authorized by law within thirty (30) days of the notice terminating the settlement discussions."[2]
You state that a dispute has arisen between the district and several parties to the agreement, and that the dispute is governed by the dispute resolution process of the partnership agreement. The district's governing board wishes to meet in closed session with the district general counsel to discuss settlement negotiations pursuant to section 286.011(8), Florida Statutes. The general counsel's office, however, has advised the board that it is prohibited from doing so under that section since no "litigation" has been initiated.
Section 286.011(1), Florida Statutes, requires governmental boards or commissions to conduct their business at open public meetings.[3] The Legislature, however, has created a limited exception for attorney-client discussions.[4]
Section 286.011(8), Florida Statutes, provides that notwithstanding the provisions of subsection (1) and provided that the enumerated conditions are met,[5]
 "any board or commission of any state agency or authority or any agency or authority of any county, municipal corporation, or political subdivision, and the chief administrative or executive officer of the governmental entity, may meet in private with the entity's attorney to discuss pending litigation to which the entity is presently a party before a court or administrative agency. . . ."
Section 286.011(8), Florida Statutes, refers to pending litigation to which the entity is presently a party before a court or administrative agency. The term "presently" is defined by Black's Law Dictionary as "[i]mmediately; now; at once" while "pending" is defined as:
 "Begun, but not yet completed; during; before the conclusion of; prior to the completion of; unsettled; undetermined; in process of settlement or adjustment. Thus, an action or suit is "pending" from its inception until the rendition of final judgment."[6]
This office is aware of the decision of the Fourth District Court of Appeal in Brown v. City of Lauderhill,[7] in which the court held that the term "presently" did not mean "now" as a precise point in time but applied to a time period from now into the immediate future, that is, a short while. Thus the court held that although the city was not a nominal party in the attorney's fee litigation with its counsel at the time of the meeting with its counsel, its interest dictated that it would soon be involved in any litigation necessary to protect or enforce its interest in the fee. Unlike the instant inquiry, however, Brown involved a situation where there was ongoing litigation. While the mayor was the nominal party in the proceedings, the court recognized that the city was the real party in interest on the attorney's fee claims and thus could meet in executive session with the attorney to discuss the claim.
Moreover, as this office recognized in Attorney General's Opinion 95-06:
 "Section 286.011(8), Florida Statutes, does not create a blanket exception to the open meeting requirement of the Sunshine Law for all meetings between a public board or commission and its attorney. The exemption is narrower than the attorney-client communications exception recognized for private litigants. Only discussions on pending litigation to which the public entity . . . is presently a party are subject to its terms. Such discussions are limited to settlement negotiations or strategy sessions related to litigation expenditures."[8]
The courts have held that the Legislature intended a strict construction of the exemption afforded by section 286.011(8), Florida Statutes. For example, in School Board of Duval Countyv. Florida Publishing Company[9] the district court concluded that the exemption's purpose was to permit "any governmental agency, its chief executive and attorney to meet in private if the agency is a party to litigation and the attorney desires advice concerning settlement negotiations or strategy." (e.s.) As noted in Attorney General Opinion 98-21, had the Legislature intended to extend the exemption to include impending or imminent litigation as well as pending litigation, it could have easily so provided as it did, for example, in section119.071(1)(d)1., Florida Statutes, which provides for a limited work-product exemption for records "prepared exclusively for civil or criminal litigation or for adversarial administrative proceedings," and for records "prepared in anticipation of imminent civil or criminal litigation or imminent adversarial administrative proceedings[.]"
In the instant inquiry, mediation is being conducted pursuant to the partnership agreement.[10] No litigation has been filed in either the courts or before an administrative body. Thus, under the plain language of section 286.011(8), Florida Statutes, the exemption afforded by that subsection is not applicable. This office cannot read an exception into the statute for pre-litigation mediation proceedings.[11]
Accordingly, I am of the opinion that a closed attorney-client session may not be held pursuant to section 286.011, Florida Statutes, to discuss settlement negotiations on an issue that is the subject of ongoing mediation pursuant to a partnership agreement between the water management district and others.
Sincerely,
Charlie Crist Attorney General
CC/tjw
[1] You state that the agreement was entered into as part of a settlement of administrative litigation involving several applications for renewals of then-existing water use permits which allowed water withdrawals from the South Pasco Wellfield, the Cosme-Odessa Wellfields and the Northwest Hillsborough Wellfield. See West Coast Regional Water Supply Authority, Cityof St. Petersburg and Pinellas County v. Southwest Florida WaterManagement District, Case Nos. 95-1520, 95-1521, 95-1522, 95-1523, 95-1525, 95-1526, 95-1527, and 95-1528 (DOAH 1995).
[2] See s. 8.B. of the agreement which provides:
 "The DISTRICT, the AUTHORITY, and MEMBER GOVERNMENTS agree to resolve any disputes related to the interpretation, obligations or performance of this AGREEMENT, including, but not limited to, subparagraphs 14.C. and 20.A. of this AGREEMENT, in accordance with this subparagraph 8.B. Any party may initiate the dispute resolution process by providing written notice of the issue or issues raised and the complaining party's position on it to the other party. After transmittal and receipt of a notice specifying the area or areas of disagreement, the parties agree to meet at reasonable times and places, as mutually agreed upon, to discuss the issues. If discussion between the parties fails to resolve the dispute within thirty (30) days of the initial written notice, the parties shall appoint a mutually acceptable third party to act as a mediator. In such mediation the parties shall bear their own fees and costs. The mediation contemplated by this subparagraph is intended to be an informal and non-adversarial process with the objective of helping the parties reach a mutually acceptable and voluntary agreement. The decision-making shall rest solely with the parties. The mediator shall assist the parties in identifying issues, fostering joint problem-solving and exploring settlement alternatives. If the parties are unable to reach a mediated settlement within thirty (30) days of the mediator's written appointment, either party may terminate the settlement discussions by written notice to the other party. In such event, either party may initiate litigation or petition for an administrative hearing to the extent authorized by law within thirty (30) days of the notice terminating the settlement discussions. Failure by the party initiating the dispute to commence litigation or to file a petition requesting an administrative hearing within the thirty (30) day period shall be deemed to constitute an acceptance of the interpretation or performance of the other party."
[3] See s. 286.011(1), Fla. Stat., providing:
 "All meetings of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation, or political subdivision, except as otherwise provided in the Constitution, at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, or formal action shall be considered binding except as taken or made at such meeting. The board or commission must provide reasonable notice of all such meetings."
[4] See s. 1, ch. 93-232, Laws of Fla. Prior to the enactment of this exemption, no attorney-client privilege for governmental agencies was recognized and the Sunshine Law had been construed to apply to all meetings between governmental agencies and their attorneys conducted for the purpose of discussing settlement of pending litigation. See, e.g., Neu v. Miami Herald PublishingCompany, 462 So. 2d 821 (Fla. 1985).
[5] Section 286.011(8), Fla. Stat., requires:
 "(a) The entity's attorney shall advise the entity at a public meeting that he or she desires advice concerning the litigation.
 (b) The subject matter of the meeting shall be confined to settlement negotiations or strategy sessions related to litigation expenditures.
 (c) The entire session shall be recorded by a certified court reporter. The reporter shall record the times of commencement and termination of the session, all discussion and proceedings, the names of all persons present at any time, and the names of all persons speaking. No portion of the session shall be off the record. The court reporter's notes shall be fully transcribed and filed with the entity's clerk within a reasonable time after the meeting.
 (d) The entity shall give reasonable public notice of the time and date of the attorney-client session and the names of persons who will be attending the session. The session shall commence at an open meeting at which the persons chairing the meeting shall announce the commencement and estimated length of the attorney-client session and the names of the persons attending. At the conclusion of the attorney-client session, the meeting shall be reopened, and the person chairing the meeting shall announce the termination of the session.
 (e) The transcript shall be made part of the public record upon conclusion of the litigation."
[6] Black's Law Dictionary, pp. 1066 and 1021 (5th ed. 1979), respectively. And see Black's Law Dictionary, Present ("Now existing . . . Being considered") p. 1221; and Pending
(awaiting decision; under consideration; throughout the continuance of; during) p. 1169 (8th ed. 2004).
[7] 654 So. 2d 302 (Fla. 4th DCA 1995).
[8] And see School Board of Duval County v. Florida PublishingCompany, 670 So. 2d 99 (Fla. 1st DCA 1996), agreeing with Op. Att'y Gen. Fla. 95-06 (1995), and quoting the opinion extensively. See also Op. Att'y Gen. Fla. 04-35 (2004) (s.286.011[8]'s application limited to pending litigation; it does not apply when no lawsuit has been filed even though the parties involved believe litigation is inevitable).
[9] 670 So. 2d 99 (Fla. 1st DCA 1996). And see City ofDunnellon v. Aran, 662 So. 2d 1026 (Fla. 5th DCA 1995); Zorc v.City of Vero Beach, 722 So. 2d 891 (Fla. 4th DCA 1999).
[10] Compare Op. Att'y Gen. Fla. 94-64 (1994), concluding that litigation that is ongoing but temporarily suspended pursuant to a stipulation for settlement has not been concluded for purposes of section 286.011(8), Florida Statutes, and thus the exemption afforded by that subsection is still applicable.
[11] See, e.g., Ops. Att'y Gen. Fla. 82-80 (1982) (Attorney General is not free to add words to a statute to support a conclusion that the plain wording of the statute does not supply); 94-09 (1994); 87-43 (1987); 86-32 (1986); and 82-20 (1982). And see Chaffee v. Miami Transfer Company, Inc.,288 So. 2d 209 (Fla. 1974) (Attorney General's Office has no authority to supply additional words to or modify the meaning of a duly enacted statute). See also Memorial Hospital-WestVolusia, Inc. v. News-Journal Corporation, 729 So. 2d 373, 380
(Fla. 1999), in which the Florida Supreme Court refused to "imply" an exemption from the open records requirement, stating "we believe that an exemption from public records access is available only after the legislature has followed the express procedure provided in article I, section 24(c) of the Florida Constitution."