Dear Mr. Leggio:
On behalf of the Fernandina Beach City Commission, you ask the following question:
May the request by the attorney for an entity to meet in private pursuant to section 286.011(8), Florida Statutes, be made during a special meeting?
Section 286.011, Florida Statutes, requires governmental boards or commissions to conduct their business at open public meetings.[1] The Legislature, however, has created a limited exception for attorney-client discussions.[2] Section 286.011(8), Florida Statutes, provides that notwithstanding the provisions of subsection (1) and provided that the enumerated conditions are met,
"any board or commission of any state agency or authority or any agency or authority of any county, municipal corporation, or political subdivision, and the chief administrative or executive officer of the governmental entity, may meet in private with the entity's attorney to discuss pending litigation to which the entity is presently a partybefore a court or administrative agency. . . ." (e.s.)
As this office recognized in Attorney General's Opinion 95-06:
"Section 286.011(8), Florida Statutes, does not create a blanket exception to the open meeting requirement of the Sunshine Law for all meetings between a public board or commission and its attorney. The exemption is narrower than the attorney-client communications exception recognized for private litigants. Only discussions on pending litigation to which the public entity . . . is presently a party are subject to its terms. Such discussions are limited to settlement negotiations or strategy sessions related to litigation expenditures."[3]
In construing the provisions of section 286.011(8), Florida Statutes, the courts have held that strict compliance is required with the terms of the exemption. For example, in City of Dunellon v. Aran,[4] the court held that the city council's failure to announce the names of the attorneys participating in the closed attorney-client session did not comply with the requirements of section 286.011(8) and thus violated the Sunshine Law. The court rejected the city's claim that when the mayor announced that attorneys hired by the city would attend the session but did not give the names of the individuals, his "substantial compliance" was sufficient for the statute.
In School Board of Duval County v. Florida PublishingCompany,[5] the district court concluded that only those persons listed in section 286.011(8), Florida Statutes, could attend the closed attorney-client meeting. As the court noted:
 "This act simply provides a governmental entity's attorney an opportunity to receive necessary direction and information from the government entity. No final decisions on litigation matters can be voted on during these private, attorney-client strategy meetings. The decision to settle a case, for a certain amount of money, under certain conditions is a decision which must be voted upon in a public meeting."[6]
Thus, section 286.011(8), Florida Statutes, permits a governmental agency, its chief executive and attorney to meet in private if the agency is a party to litigation and the attorney desires advice concerning settlement negotiations or strategy related to litigation expenditures, provided there is strict compliance with the terms of the exemption. Such requirements include:
 "(a) The entity's attorney shall advise the entity at a public meeting that he or she desires advice concerning the litigation.
 (b) The subject matter of the meeting shall be confined to settlement negotiations or strategy sessions related to litigation expenditures.
 (c) The entire session shall be recorded by a certified court reporter. The reporter shall record the times of commencement and termination of the session, all discussion and proceedings, the names of all persons present at any time, and the names of all persons speaking. No portion of the session shall be off the record. The court reporter's notes shall be fully transcribed and filed with the entity's clerk within a reasonable time after the meeting.
 (d) The entity shall give reasonable public notice of the time and date of the attorney-client session and the names of persons who will be attending the session. The session shall commence at an open meeting at which the persons chairing the meeting shall announce the commencement and estimated length of the attorney-client session and the names of the persons attending. At the conclusion of the attorney-client session, the meeting shall be reopened, and the person chairing the meeting shall announce the termination of the session.
 (e) The transcript shall be made part of the public record upon conclusion of the litigation."
As noted above, section 286.011(8)(a), Florida Statutes, requires, as a condition of holding a closed attorney-client meeting, that the entity attorney "advise the entity at a public meeting that he or she desires advice concerning the litigation" to which the entity is presently a party before a court or administrative agency. Section 286.011(8), Florida Statutes, does not state that the announcement must be made at a regularly scheduled meeting of the governmental entity. Rather the statute refers to an announcement made at a "public meeting." Section286.011 sets forth the requirements for public meetings: such meetings must be open, reasonable notice must be given, and minutes of the meetings must be taken. If the meeting at which the announcement is made by the attorney meets these requirements, the provisions of section286.011(8)(a), Florida Statutes, requiring the announcement be made at a public meeting would appear to be satisfied.
Accordingly, I am of the opinion that the request by the city attorney to meet in private with the city commission to discuss settlement negotiations or strategy sessions related to litigation expenditures pursuant to section 286.011(8), Florida Statutes, may be made during a special meeting provided that the special meeting at which the request is made is open to the public, reasonable notice has been given, and minutes are taken.
Sincerely,
Bill McCollum
Attorney General
BM/tjw
[1] See s. 286.011(1), Fla. Stat., providing:
 "All meetings of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation, or political subdivision, except as otherwise provided in the Constitution, at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, or formal action shall be considered binding except as taken or made at such meeting. The board or commission must provide reasonable notice of all such meetings."
[2] See s. 1, ch. 93-232, Laws of Fla. Prior to the enactment of this exemption, no attorney-client privilege for governmental agencies was recognized and the Sunshine Law had been construed to apply to all meetings between governmental agencies and their attorneys conducted for the purpose of discussing settlement of pending litigation. See, e.g.,Neu v. Miami Herald Publishing Company, 462 So. 2d 821 (Fla. 1985).
[3] See also Ops. Att'y Gen. Fla. 04-35 (2004) (s. 286.011[8]'s application is limited to pending litigation; it does not apply when no lawsuit has been filed even though the parties involved believe litigation is inevitable); 98-21 (1998) (had the Legislature intended to extend the exemption to include impending or imminent litigation as well as pending litigation, it could have easily so provided as it did in s.119.071(1)(d)1., Fla. Stat.).
[4] 662 So. 2d 1026 (Fla. 5th DCA 1995).
[5] 670 So. 2d 99 (Fla. 1st DCA 1996). Zorc v. City of VeroBeach, 722 So. 2d 891 (Fla. 4th DCA 1998), rev. den., 735 So. 2d 1284
(Fla. 1999).
[6] 670 at 100, quoting Staff of Fla.H.R.Comm. on Government Operations, CS/HB 491 (1993) Final Bill Analysis Economic Impact Statement at 3.