Dear Mr. Hauserman:
As attorney for the School Board of Monroe County, Florida, you have requested my opinion on substantially the following question:
May attorneys representing a superintendent of schools in an administrative action before the Department of Administrative Hearings meet with the school board to discuss settlement of the administrative proceedings pursuant to section 286.011(8), Florida Statutes?
In sum:
Section 286.011(8), Florida Statutes, provides a limited exception to the open meetings requirements of the Government in the Sunshine Law for meetings between the school board, which is the named party in this administrative action, and that entity's attorney. The attorneys representing the superintendent of schools are not within the scope of this exception and may not meet with the school board to discuss settlement negotiations or strategy sessions related to litigation expenditures.
According to your letter, the superintendent of schools in Monroe County recommended, in an administrative complaint to the school board, that a teacher's employment be terminated. The school board accepted the superintendent's recommendation and suspended the teacher without pay. An appeal was taken and an administrative hearing was held before an administrative law judge assigned by the Department of Administrative Hearings who issued a recommended order. The attorneys for the superintendent have requested a closed meeting with the school board pursuant to section 286.011(8), Florida Statutes, to discuss settlement negotiations or strategy sessions related to litigation expenditures.
Section 286.011(8), Florida Statutes, makes litigation strategy or settlement meetings confidential when they are held between a board and its attorney and the board is a party before a court or administrative agency. The statute allows access to the record of such meeting when the litigation is concluded. Specifically, the statute provides that:
"Notwithstanding the provisions of subsection (1), any board or commission of any state agency or authority or any agency or authority of any county, municipal corporation, or political subdivision, and the chief administrative or executive officer of the governmental entity, may meet in private with the entity's attorney to discuss pending litigation to which the entity is presently a party before a court or administrative agency, provided that the following conditions are met:
(a) The entity's attorney shall advise the entity at a public meeting that he or she desires advice concerning the litigation.
(b) The subject matter of the meeting shall be confined to settlement negotiations or strategy sessions related to litigation expenditures.
(c) The entire session shall be recorded by a certified court reporter. The reporter shall record the times of commencement and termination of the session, all discussion and proceedings, the names of all persons present at any time, and the names of all persons speaking. No portion of the session shall be off the record. The court reporter's notes shall be fully transcribed and filed with the entity's clerk within a reasonable time after the meeting.
(d) The entity shall give reasonable public notice of the time and date of the attorney-client session and the names of persons who will be attending the session. The session shall commence at an open meeting at which the persons chairing the meeting shall announce the commencement and estimated length of the attorney-client session and the names of persons attending. At the conclusion of the attorney-client session, the meeting shall be reopened, and the person chairing the meeting shall announce the termination of the session.
(e) The transcript shall be made part of the public record upon conclusion of the litigation."
As this office recognized in Attorney General Opinion 95-06:
"Section 286.011(8), Florida Statutes, does not create a blanket exception to the open meeting requirement of the Sunshine Law for all meetings between a public board or commission and its attorney. The exemption is narrower than the attorney-client communications exception recognized for private litigants. Only discussions on pending litigation to which the public entity . . . is presently a party are subject to its terms. Such discussions are limited to settlement negotiations or strategy sessions related to litigation expenditures."[1]
It is well settled that the Sunshine Law was enacted for the benefit of the public and should be construed liberally to give effect to its public purpose, while exceptions to its terms should be construed narrowly.[2] Section 286.011(8), Florida Statutes, refers to pending litigation to which the entity is presently a party before a court or administrative agency. The term "presently" is defined as "[i]mmediately; now; at once" while "pending" is defined as:
"Begun, but not yet completed; during; before the conclusion of; prior to the completion of; unsettled; undetermined; in process of settlement or adjustment. Thus, an action or suit is "pending" from its inception until the rendition of final judgment."[3]
By its terms, section 286.011(8), Florida Statutes, limits discussions at these closed meetings to settlement negotiations or strategy sessions dealing with litigation expenditures. Provisions of the school code make the district school board the contracting agent for the district school system and make the board responsible for prosecuting litigation involving the district.[4] Thus, it does not appear that the superintendent exercises any authority over the settlement of an administrative action or has any role in strategy sessions dealing with litigation expenditures.
Further, the pleadings involved in the administrative action before the Division of Administrative Hearings, case number 08-6398, identify the Monroe County School Board as the petitioner in this action. Pursuant to the Administrative Procedures Act, a "party" is "any person . . . whose substantial interests will be affected by proposed agency action, and who makes an appearance as a party."[5] The petitioner in an action is a named "party" to that action.[6] Provisions of the school code make it the responsibility of the school board to suspend or dismiss employees, including instructional staff.[7] Thus, it appears that the School Board of Monroe County is the party named in pleadings in the administrative action before the Department of Administrative Hearings and it is the school board and the school board's attorney that are authorized by section 286.011(8), Florida Statutes, to meet to discuss settlement negotiations or strategy sessions related to litigation expenditures.[8]
In sum, it is my opinion that section 286.011(8), Florida Statutes, provides a limited exception to the open meetings requirements of the Government in the Sunshine Law for meetings between the school board, which is the named party in this administrative action, and that entity's attorney. The attorneys representing the superintendent of schools are not within the scope of this exception and may not meet with the school board to discuss settlement negotiations or strategy sessions related to litigation expenditures pursuant to section 286.011(8), Florida Statutes.
Sincerely,
 Bill McCollum Attorney General
BM/tgh
[1] And see School Board of Duval County v. Florida PublishingCompany, 670 So. 2d 99 (Fla. 1st DCA 1996), agreeing with and quoting Op. Att'y Gen. Fla. 95-06 (1995). See also Op. Att'y Gen. Fla. 04-35 (2004) (s. 286.011[8]'s application limited to pending litigation; it does not apply when no lawsuit has been filed even though the parties involved believe litigation is inevitable).
[2] See City of Dunnellon v. Aran,662 So. 2d 1026 (Fla. 5th DCA 1995), and Board ofPublic Instruction of Broward County v. Doran,224 So. 2d 693, 699 (Fla. 1969).
[3] Black's Law Dictionary, pp. 1066 and 1021 (5th ed. 1979), respectively. And see Black's Law Dictionary Present ("Now existing . . . Being considered"), p. 1221; and Pending
(awaiting decision; under consideration; throughout the continuance of; during), p. 1169 (8th ed. 2004).
[4] See s. 1001.41(4), Fla. Stat. Andsee s. 1001.42(12)(g), Fla. Stat., providing that school board approves and pays accounts.
[5] See s. 120.52(13), Fla. Stat.)
[6] See Rule 1.210(a), Fla.R.Civ.P., stating that "[e]very action may be prosecuted in the name of the real party in interest[.]"
[7] See ss. 1012.22(1)(f) and 1012.33(6)(a), Fla. Stat.; andsee s. 1001.41(4), Fla. Stat., providing that the district school board may contract and can sue and be sued; and making the district school board the contracting agent for the district school system.
[8] See Zorc v. City of Vero Beach,722 So. 2d 891, 898 (Fla. 4th DCA 1998), review denied,735 So. 2d 1284 (Fla. 1999) (city charter provision requiring that city clerk attend all county meetings does not authorize clerk to attend closed attorney-client session; municipality may not authorize what the Legislature has expressly forbidden); Op. Att'y Gen. Fla. 01-10 (2001) (clerk of court not authorized to attend).