NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | |
|---|---|
| CITY OF ST. PETERSBURG, | ) |
| | ) |
|     Appellant/Cross- Appellee, | ) ) ) |
| | ) |
| v. | )   Case No. 2D16-3361 |
| | ) |
| BRUCE WRIGHT, | ) |
| | ) |
|     Appellee/Cross- Appellant. | ) ) ) |
| _____ | ) |

Opinion filed February 14, 2018.

Appeal from the Circuit Court for Pinellas
County; Kathleen T. Hessinger, Judge.

Kenneth W. MacCollom, Assistant City
Attorney of the Office of the City
Attorney, St. Petersburg, for Appellant/
Cross-Appellee.

Kirsten Anderson and Jodi Siegel of
Southern Legal Counsel, Inc.,
Gainesville, and Alice K. Nelson of
Nelson Law Group, Tampa, for
Appellee/Cross Appellant.

Paul M. Crochet of Weber, Crabb &
Wein, P.A., St. Petersburg, for Amicus
Curiae First Amendment Foundation, Inc.


NORTHCUTT, Judge.

The Reverend Bruce Wright filed a lawsuit seeking injunctive relief and a declaratory judgment against the City of St. Petersburg, alleging among other things that St. Petersburg's city council had violated Florida's Government in the Sunshine Law, section 286.011 (2012). On Wright's motion for summary judgment, the circuit court ruled that the council did not break the law during a private strategy session with the City's attorneys, known in common Sunshine Law parlance as a "shade" meeting. But the court held that the council members did violate statutory notice requirements when, upon emerging from their shade meeting with the attorneys, they took up and voted to approve an ordinance amendment that had been discussed during that meeting. The court voided the amendment on that ground.

The City has appealed the final summary judgment, and Wright has cross-appealed. Without further comment, we affirm the judgment insofar as it held that the council violated the notice requirements. We reverse the holding that the City did not violate the Sunshine Law during the private attorney-client session.

The offending shade meeting was precipitated by developments in federal litigation filed under 42 U.S.C. § 1983, by four homeless plaintiffs who challenged the constitutionality of the City's trespass ordinance. The federal district court dismissed all of the plaintiffs' claims. Catron v. City of St. Petersburg, 658 F.3d 1260, 1264 (11th Cir. 2011). The Eleventh Circuit Court of Appeals affirmed the dismissal of all but two of the claims. Id. at 1273. The court concluded that the plaintiffs had pleaded a viable claim that section 20-30 of the trespass ordinance, regarding the issuance of trespass warnings, violated procedural due process because it did not provide a "way to contest the trespass warning or at least the scope of the warning." Id. at 1269. The court also

held that the district court should not have dismissed the plaintiffs' claim that the City's policy of enforcing the ordinance on public sidewalks violated the plaintiffs' right to intrastate travel and freedom of movement under the Florida Constitution. Id. at 1270-71. The court remanded the case to the district court for further proceedings.

The Eleventh Circuit issued its Catron opinion on September 28, 2011. Thereafter, the shade session at issue was placed on the agenda for the city council's meeting on October 13. It was to be attended only by the council members, the mayor, the city attorney, two assistant city attorneys, and a court reporter. During the private session, an assistant city attorney advised the council that if it amended the trespass ordinance to correct the complained-of deficiencies before the Catron case returned to the district court, the City could seek to the have the suit dismissed as moot. In that event, the City would argue that the plaintiffs were not prevailing parties entitled to recover attorney's fees.

As mentioned, when the council emerged from the shade session and resumed the October 13 public meeting, it approved an amendment to the trespass ordinance on first reading. On October 18, the City petitioned the Eleventh Circuit to rehear the Catron case en banc. While that petition was pending, on November 3 the city council voted final approval of the trespass ordinance amendment. The Eleventh Circuit denied rehearing en banc on November 29 and issued its mandate on December 13. Three days later, the City filed in the district court a motion to dismiss the Catron lawsuit on the ground that the recent amendment of the trespassing ordinance rendered the case moot. The lawsuit was ultimately dismissed.

Wright filed the instant proceeding in November 2013, contending among other things that the trespass warning section of St. Petersburg's trespass ordinance is invalid because it was conceived at the October 13, 2011, nonpublic shade session in violation of Florida law.  We agree.

The purpose of Florida's Government in the Sunshine Law is the protection of the public's right to be present and to be heard during all phases of enactments by government boards and commissions.  Sch. Bd. of Duval Cty. v. Fla. Publ'g Co., 670 So. 2d 99, 101 (Fla. 1st DCA 1996).  It functions "to prevent at non-public meetings the crystallization of secret decisions to a point just short of ceremonial acceptance."  Monroe Cty. v. Pigeon Key Historical Park, Inc., 647 So. 2d 857, 860 (Fla. 3d DCA 1994) (quoting Town of Palm Beach v. Gradison, 296 So. 2d 473, 477 (Fla.1974)).  Section 286.011(1), Florida Statutes (2011), mandates:

> All meetings of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation, or political subdivision, except as otherwise provided in the Constitution, including meetings with or attended by any person elected to such board or commission, but who has not yet taken office, at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, or formal action shall be considered binding except as taken or made at such meeting.  The board or commission must provide reasonable notice of all such meetings.

The supreme court has observed that the "obvious intent [of the legislature] was to cover any gathering of the members where the members deal with some matter on which foreseeable action will be taken by the board."  Bd. of Pub. Instruction of Broward Cty. v. Doran, 224 So. 2d 693, 698 (Fla. 1969).

- 4 -

As we discussed in <u>Anderson v. City of St. Pete Beach</u>, 161 So. 3d 548, 552 (Fla. 2d DCA 2014), there is a limited exemption from the open meeting requirement for meetings between a public body and its attorney. Section 286.011(8) states in pertinent part:

> Notwithstanding the provisions of subsection (1), any board or commission of any state agency or authority or any agency or authority of any county, municipal corporation, or political subdivision, and the chief administrative or executive officer of the governmental entity, may meet in private with the entity's attorney to discuss pending litigation to which the entity is presently a party before a court or administrative agency, provided that the following conditions are met:
> (a) The entity's attorney shall advise the entity at a public meeting that he or she desires advice concerning the litigation.
> (b) <u>The subject matter of the meeting shall be confined to settlement negotiations or strategy sessions related to litigation expenditures.</u>

(Emphasis supplied.) "As is plain from the language of the statute, the exemption is limited to discussions involving the actual settlement of presently pending litigation." <u>Anderson</u>, 161 So. 3d at 553.

Here, the transcript of the October 13, 2011, shade meeting reflects that the participants did not limit themselves to discussing settlement or litigation expenditures in the <u>Catron</u> case. To the contrary, there was only a brief discussion of how the City might avoid paying attorney's fees to the plaintiffs. The great majority of the discussion involved the specifics of a proposed amendment to section 20-30 of the trespass ordinance and of the need to quickly resume issuing trespass warnings. An assistant city attorney involved in the <u>Catron</u> litigation presented a draft amended ordinance that would allow for appeals of trespass warnings. He described the workings of the appellate process envisioned in the amendment, including its prescribed

clear and convincing standard, and he indicated that the amendment was a means of complying with the ruling in <u>Catron</u>. The attorney advised the city council that he had met with various city personnel, including the chief of police, to inform them that they must temporarily refrain from enforcing section 20-30, but that this was going to be a short-term situation that would be quickly rectified. The attorney stated: "We need to get back out and enforce 20-30. The chief of police is very eager to have us do that." He advised: "[T]he taxpayers, the constituents, the people out there are most concerned about . . . the panhandling, the sleeping, lying, reclining, the outdoor storage of tents, all that stuff."

> One city council member stated:
>
> Yeah, this is a really big issue. Because, you know, as far as the homeless goes, we could probably just go ahead and arrest them for open containers then if we had to. But as far as other things like our recreation centers, I don't want to have people smoking dope in front of our rec centers. And I've had it at just about every one I've ever been at and we've had to trespass people for it. And that's . . . going to be a big problem if we can't do that. It's really, really important to find a way.

The attorney advised: "If you-all don't pass it, then we can't enforce 20-30. Like Counselor Kornell was saying, if somebody is smoking pot out in front of the rec center, you can charge them with that but you're not going to trespass." The mayor stated: "I think it should be passed." Another assistant city attorney told the city council that "what we're recommending is that you pass this on the first reading." At one point in the discussion a council member moved to approve the ordinance and had to be reminded that the council could not do so during a shade session. At the end of the meeting, the assistant city attorney who had offered the draft ordinance amendment told the council,

"I just wanted to not only present the ordinance but just give you an update of where the litigation was and where it had come from and where it had gone."

The transcript of the shade meeting conclusively reflects that it was not "confined to settlement negotiations or strategy sessions related to litigation expenditures," as required by the Sunshine Law exemption set forth in section 286.011(8)(b). Rather, the attorneys and council members reviewed the terms of the draft amendment, discussed the urgency of and policy reasons for passing the amendment so that the City could resume enforcement of section 20-30, and expressed their consensus in favor of the amendment. In short, the shade meeting was used to crystallize a secret decision to a point just short of ceremonial acceptance, in violation of Florida's Sunshine Law. Wright was entitled to summary judgment holding such. We reverse and remand for further proceedings consistent with this decision. See Anderson, 161 So. 3d at 554.

Affirmed in part, reversed in part, and remanded.

KELLY and CRENSHAW, JJ., Concur.