654 So.2d 302 (1995)
Lorenzar BROWN and David Kaminsky, Appellants,
v.
CITY OF LAUDERHILL, a municipal corporation, Appellee.
No. 94-0743.
District Court of Appeal of Florida, Fourth District.
May 10, 1995.
Anthony J. Titone, Fort Lauderdale, for appellants.
Stuart R. Michelson and Andrew S. Maurodis of Law Offices of Stuart R. Michelson, Bay Harbor Islands, for appellee.
STONE, Judge.
We affirm a final judgment denying Appellants' claim for injunctive and declaratory relief against the city. Appellants are attempting to prevent the city from claiming legal fees incurred on behalf of its mayor in her successful defense of a charge before the Florida Ethics Commission that was initiated by Appellants. All claims against the mayor were dismissed by the state and an attorney's fee claim was filed against Appellants in the name of the mayor, pursuant to section 112.317, Florida Statutes, alleging that the ethics commission charges were frivolous and brought with malicious intent. The petition for attorney's fees was referred to the state division of administrative hearings (DOAH), pursuant to rule 34-5.029, Florida Administrative Code.
*303 In this proceeding, Appellants also seek production of minutes of a private meeting conducted between the commissioners and the city's attorney, alleging that the meeting was in violation of Florida's sunshine and public records laws.
The record supports the trial court's conclusion that the city is the real party in interest on the attorney's fee claims. Although the mayor is the nominal party in all proceedings, the record reflects that the city retained its attorney to defend the charges and to prosecute the attorney's fee action. The trial court did not err in concluding that the meeting with counsel is permitted under section 286.011(8), Florida Statutes, which recognizes the right of a governmental entity to meet in executive session with its attorney to discuss pending litigation. Although the administrative proceedings before DOAH is brought in the name of the mayor, in her official capacity, the mayor at all times has recognized the city's real interest in any attorney's fee recovery.
Subsection (8) of the statute provides, in part:
(8) Notwithstanding the provisions of subsection (1), any board or commission of any state agency or ... political subdivision, and the chief administrative or executive officer of the governmental entity, may meet in private with the entity's attorney to discuss pending litigation to which the entity is presently a party before a court or administrative agency.
§ 286.011(8), Fla. Stat. (1993)
We recognize that the sunshine law, section 286.011, Florida Statutes, must be liberally construed in favor of open government. E.g. Krause v. Reno, 366 So.2d 1244 (Fla. 3d DCA 1979). However, we can discern no rational basis for concluding that a city is not a "party" to pending litigation in which it is the real party in interest. To so narrowly construe the term "party" as to exclude those instances in which a governmental entity pursues and finances litigation in the name of a nominal party would indeed yield an absurd result. See Williams v. State, 492 So.2d 1051 (Fla. 1986). Had the legislature intended such a restriction on the subsection (8) exception, it would certainly have included language to that effect, given the numerous circumstances in which governmental entities have recognized interests in litigation nominally involving officials. See generally, Thornber v. City of Ft. Walton Beach, 568 So.2d 914 (Fla. 1990); Lomelo v. City of Sunrise, 423 So.2d 974 (Fla. 4th DCA 1982), rev. dismissed, 431 So.2d 988 (Fla. 1983); Ellison v. Reid, 397 So.2d 352 (Fla. 1st DCA 1981). See also Florida State Racing Commission v. McLaughlin, 102 So.2d 574 (Fla. 1958); Chavez v. City of Tampa, 560 So.2d 1214, 1218 (Fla. 2d DCA 1990), rev. denied, 576 So.2d 285 (Fla. 1990); Markham v. Department of Revenue, 298 So.2d 210 (Fla. 1st DCA 1974), cert. denied, 309 So.2d 547 (Fla. 1975). We note that often the term "party" is recognized as including those who are real parties in interest. E.g. Fabre v. Marin, 623 So.2d 1182 (Fla. 1993); Lage v. Blanco, 521 So.2d 299 (Fla. 3d DCA), rev. denied, 531 So.2d 1354 (Fla. 1988). See also Fla.R.Civ.P. 1.210(a).
Here, even though the recovery of fees will be in the mayor's name, as these proceedings must be brought in the name of the public official, the city would, in any event, have a claim for subrogation as it is not contended that the mayor individually incurred the attorney's fee obligation.
We also note that section 286.011(8) applies to litigation to which the entity is "presently" a party. The word presently is not defined as "now," i.e., this precise point in time. Rather, that word is properly applied to a time period from now into the immediate future;[1] in other words, a short while. Therefore, although the city of Lauderhill was not a nominal party in the attorney's fee litigation at the time of the meeting with its counsel, its interest certainly dictates that it would soon be involved in any litigation necessary to protect or enforce its interest in the fee.
Therefore, the judgment is affirmed.
FARMER and STEVENSON, JJ., concur.
NOTES
[1] For this insight the panel is indebted to Judge Farmer.