Mr. David W. Wagner Alachua County Attorney Post Office Box 2877 Gainesville, Florida 32602-2877
Dear Mr. Wagner:
You ask substantially the following question:
When the attorney for a municipality seeks to discuss pending litigation to which the city is a party with the city's governing body in a closed-door meeting pursuant to section 286.011(8), Florida Statutes, what matters may be discussed?
In sum:
The closed-meeting exemption in section 286.011(8), Florida Statutes, may only be used when the attorney for a governmental entity seeks advice on settlement negotiations or strategy relating to litigation expenditures. Such meetings should not be used to finalize action or discuss matters outside these two narrowly prescribed areas.
Section 286.011(1), Florida Statutes, makes all meetings of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation, or political subdivision, at which official acts are to be taken, open to the public at all times. During the 1993 legislative session, subsection (8) was added to section 286.011, Florida Statutes, to provide:
"Notwithstanding the provisions of subsection (1), any board or commission of any state agency or authority or any agency or authority of any county, municipal corporation, or political subdivision, and the chief administrative or executive officer of the governmental entity, may meet in private with the entity's attorney to discuss pending litigation to which the entity is presently a party before a court or administrative agency, provided that the following conditions are met:
(a) The entity's attorney shall advise the entity at a public meeting that he or she desires advice concerning the litigation.
(b) The subject matter of the meeting shall be confined tosettlement negotiations or strategy sessions related to litigationexpenditures.
(c) The entire session shall be recorded by a certified court reporter. The reporter shall record the times of commencement and termination of the session, all discussion and proceedings, the names of all persons present at any time, and the names of all persons speaking. No portion of the session shall be off the record. The court reporter's notes shall be fully transcribed and filed with the entity's clerk within a reasonable time after the meeting.
(d) The entity shall give reasonable public notice of the time and date of the attorney-client session and the names of persons who will be attending the session. The session shall commence at an open meeting at which the persons chairing the meeting shall announce the commencement and estimated length of the attorney-client session and the names of the persons attending. At the conclusion of the attorney-client session, the meeting shall be reopened, and the person chairing the meeting shall announce the termination of the session.
(e) The transcript shall be made part of the public record upon conclusion of the litigation." (e.s.)
Section 286.011(8)(a), Florida Statutes, provides that it is the attorney for a board or commission who, at a public meeting, advises the entity that he or she "desires advice concerning the litigation." It would be advisable, therefore, to allow the attorney for a board or commission to initiate the use of a strategy or settlement meeting for pending lawsuits, when he or she feels it would be beneficial.[1]
Section 286.011(8), Florida Statutes, does not create a blanket exception to the open meeting requirement of the Sunshine Law for all meetings between a public board or commission and its attorney. The exemption covers a more limited situation than the attorney-client communications exception recognized for private litigants.[2] Only discussions on pending litigation to which the public entity is presently a party are subject to its terms. Moreover, such discussions are limited to settlement negotiations or strategy sessions related to litigation expenditures. In addition, the other conditions specified by the Legislature must be fully met by a public entity in order to claim the exemption.[3]
It is well settled that the Sunshine Law was enacted for the benefit of the public and should be construed liberally to give effect to its public purpose, while exceptions to its terms should be defined narrowly.[4] The courts of this state and this office have found that application of section 286.011(8), Florida Statutes, is limited only to those persons listed in the statutory exemption, i.e., the entity, the entity's attorney, the chief administrative officer of the entity, and the court reporter are the only parties authorized to attend the closed attorney-client session to discuss pending litigation.[5] Section 286.011(8), Florida Statutes, was not intended to permit non-designated personnel to discuss settlement matters in private with an agency. As one court concluded:
This act simply provides a governmental entity's attorney an opportunity to receive necessary direction and information from the government entity. No final decisions on litigation matters can be voted on during these private, attorney-client strategy meetings. The decision to settle a case, for a certain amount of money, under certain conditions is a decision which must be voted upon in a public meeting.[6]
In Attorney General Opinion 95-06, this office noted that section286.011(8), Florida Statutes, by its terms is limited to particular individuals who in their official capacity are authorized to discuss particular limited subjects. To invoke the exemption in the statute, the governmental entity may meet with its attorney under the following conditions: (1) the discussion relates to pending litigation; (2) the entity is presently a party before a court or administrative agency in the pending litigation; (3) the entity's attorney has informed the entity at a public meeting that he or she desires advice concerning the litigation; and (4) the subject matter of the meeting is confined to settlement negotiations or strategy sessions related to litigation expenditures.
In the recent case of Zorc v. City of Vero Beach,[7] the court, acknowledging the dearth of cases interpreting the scope of section 286.011(8), Florida Statutes, looked to the statute's legislative history to determine whether the city's action at a closed meeting went beyond the statute's scope. As the analysis revealed:
"This act is not an attempt to provide a means for government to meet behind closed doors to accomplish goals out of the sunshine. This act simply provides a governmental entity's attorney an opportunity to receive necessary direction and information from the governmental entity. No final decisions on litigation matters can be voted on during these private, attorney-client strategy meetings. The decision to settle a case, for a certain amount of money, under certain conditions is a decision which must be voted upon in a public meeting."[8]
The Zorc court noted that other than legislative history, there are few cases defining "settlement negotiations" or "strategy related to litigation expenditures."[9] However, it concluded that the city's action in a closed-door meeting authorizing its counsel to include specified language in a consent decree and to sign any necessary documents in order to settle the city's claim was formal action requiring a vote at a public meeting. The court stated that the "settlement of a case is exactly that type of final decision contemplated by the drafters of section 286.011(8) which must be voted upon in the sunshine."[10]
Thus, it would appear that a closed-door meeting under section286.011(8), Florida Statutes, may not be used to discuss or direct a final course of action in a pending lawsuit. While there is no clearly defined boundary of what may be discussed in such a meeting, the governmental body should not take advantage of the situation to address matters beyond giving requested information necessary to carry out "settlement negotiations" or to discuss strategy relating to litigation expenditures.
In Zorc, the court further considered whether a subsequent open meeting to reconsider the action taken at a closed-door meeting effectively cured any Sunshine Law violation that may have occurred. The court initially discussed the basic premise that any meeting in which official acts are to be taken must be open to the public and no formal action taken otherwise is considered binding.[11] The court stressed the importance of public participation in the decision-making process and discussed situations in which subsequent full, open hearings were the only manner in which to cure defects arising from a Sunshine Law violation.[12] It would not be advisable, however, to take questionable action in a closed-door meeting under the presumption that a future, open meeting may be used to cure any defects.[13]
Accordingly, it is my opinion that the exemption in section286.011(8), Florida Statutes, must be narrowly read to include only those situations where the attorney for the governmental entity seeks advice on settlement negotiations and strategy relating to litigation expenditures. Such meetings should not be used to finalize action or discuss matters outside these two narrowly prescribed areas.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Attorney General Opinion 94-33 (1994).
[2] Cf., s. 90.502, Fla. Stat., recognizing a lawyer-client privilege under the Florida Evidence Code.
[3] Attorney General Opinion 93-53 (1993).
[4] See, City of Dunnellon v. Aran, 662 So.2d 1026 (Fla. 5th DCA 1995); Board of Public Instruction of Broward County v. Doran,224 So.2d 693, 699 (Fla. 1969).
[5] See, School Board of Duval County v. Florida PublishingCompany, 670 So.2d 99 (Fla. 1st DCA 1996); Ops. Att'y Gen. Fla. 98-06 (1998) and 95-06 (1995) (only members of the city council, the chief administrative or executive officer of the city, the city attorney, and a court reporter may attend closed meeting to discuss litigation to which the city is a party).
[6] School Board of Duval County v. Florida Publishing Company,670 So.2d 99, 100 (Fla. 1st DCA 1996), quoting Final Bill Analysis Economic Impact Statement, CS/HB 491, Florida House of Representatives Committee on Governmental Operations (1993).
[7] 722 So.2d 891 (Fla. 4th DCA 1998).
[8] 722 So.2d at 901, quoting Final Bill Analysis Economic Impact Statement, CS/HB 491, Florida House of Representatives Committee on Governmental Operations (1993).
[9] See, e.g., Freeman v. Times Publishing Company,696 So.2d 427, 428 (Fla. 2d DCA 1997) ("settlement negotiations" did not encompass a 25-year-old final judgment; while it was still a pending suit, it was not in the posture to be settled before judgment or pending appeal); Brown v. City of Lauderhill,654 So.2d 302 (Fla. 4th DCA 1995) (city attorney may meet in private to discuss attorney's fees).
[10] 722 So.2d at 901.
[11] See, Neu v. Miami Herald Publishing Co., 462 So.2d 821
(Fla. 1985).
[12] 722 So.2d at 902-903.
[13] See, 722 So.2d at 903-904 (only a full, open hearing will cure a defect arising from a Sunshine Law violation). See also,Spillis Candela Partners, Inc. v. Centrust Savings Bank,535 So.2d 694 (Fla. 3d DCA 1988) (county board did not cure its committee's violation of Sunshine Law by perfunctory ratification of committee's report; only full, open hearing would cure problem); Port Everglades Authority v. InternationalLongshoremen's Association Local 1922-1, 652 So.2d 1169, 1171
(Fla. 4th DCA 1995) (violation of Sunshine Law where selection and negotiation committee excluded bidders and port did not conduct full, open meeting on competing bidders prior to ratifying committee's recommendation).