Mr. Patrick G. Gilligan Ocala City Attorney 7 East Silver Springs Boulevard Suite 500 Ocala, Florida 34470
Dear Mr. Gilligan:
You ask substantially the following question:
Do the recent amendments to section 316.066, Florida Statutes, by Chapter 01-163, Laws of Florida, permit an owner of a vehicle involved in a crash, whether said owner was present or not during the crash, to receive a copy of the crash report immediately, or must the owner wait 60 days before obtaining the report?
In sum:
The recent amendments to section 316.066, Florida Statutes, by Chapter 01-163, Laws of Florida, permit an owner of a vehicle involved in a crash to receive a copy of the crash report immediately.
Section 316.066, Florida Statutes, requires that a written report be made of certain vehicular accidents. Section 1 of Chapter 01-163, Laws of Florida, amended section 316.066, Florida Statutes, to add the following:
"(3)(c) Crash reports required by this section which reveal the identity, home or employment telephone number or home or employment address of, or other personal information concerning the parties involved in the crash and which are received or prepared by any agency that regularly receives or prepares information from or concerning the parties to motor vehicle crashes are confidential and exempt . . . for a period of 60 days after the date the report is filed. However, such reports may bemade immediately available to the parties involved in the crash,
their legal representatives, their licensed insurance agents, their insurers or insurers to which they have applied for coverage, persons under contract with such insurers to provide claims or underwriting information, prosecutorial authorities, radio and television stations licensed by the Federal Communications Commission, newspapers qualified to publish legal notices under ss. 50.011 and 50.031, and free newspapers of general circulation, published once a week or more often, available and of interest to the public generally for the dissemination of news. For purposes of this section, the following products or publications are not newspapers as referred to in this section: those intended primarily for members of a particular profession or occupational group; those with the primary purpose of distributing advertising; and those with the primary purpose of publishing names and other personally identifying information concerning parties to motor vehicle crashes. Any state or federal agency that is authorized to have access to such reports by any provision of law shall be granted such access in the furtherance of the agency's statutory duties notwithstanding the provisions of this paragraph. Any person attempting to access crash reports within 60 days after the date the report is filed must present legitimate credentials or identification that demonstrates his or her qualifications to access that information." (e.s.)
You ask whether the language above permits an owner of a vehicle involved in a crash to receive a copy of the crash report immediately, or whether the owner must wait 60 days before obtaining the report. You state that you are of the opinion that the vehicle owners, as well as the drivers and passengers, of vehicles involved in a crash are among those authorized to receive immediate access to the report.
It is well established that exceptions to the Public Records Law are to be narrowly construed and limited to their intended purpose.[1] The purpose of Chapter 01-163, Laws of Florida, is "to protect the public from unscrupulous individuals who promote the filing of fraudulent insurance claims by obtaining such information immediately after a crash and exploiting the individual at a time of emotional distress.[2] A review of law does not disclose an intent to restrict vehicle owners from immediate access to these reports. As your letter points out, an owner of a vehicle involved in an accident would need to have the crash report immediately in order to process insurance claims for any property damage to the vehicle.
In addition, while the legislation does not set forth which individuals constitute "parties involved in the crash," it would appear that the owners of the vehicle involved in the crash are encompassed within that term. Black's Law Dictionary notes that parties are "[t]he persons who take part in the performance of any act, or who are directly interested in any affair, contract, or conveyance. . . ."[3]
In Brown v. City of Lauderhill,[4] the Fourth District Court of Appeal adopted a construction of the term "party" for the purposes of an exemption from the Sunshine Law that would include a real party in interest as well as a party to the pending litigation. The court declined to adopt a more narrow definition of the term because to do so would yield an "absurd result."[5] Similarly, it would appear that an owner of the vehicle should be deemed a party who is entitled to immediate access to the report.
Accordingly, I am of the opinion that the recent amendments to section 316.066, Florida Statutes, by Chapter 01-163, Laws of Florida, permit an owner of a vehicle involved in a crash to receive a copy of the crash report immediately.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw/pg
[1] See, e.g., Krischer v. D'Amato, 674 So.2d 909, 911 (Fla. 4th DCA 1996); Seminole County v. Wood, 512 So.2d 1000, 1002
(Fla. 5th DCA 1987), rev. den., 520 So.2d 586 (Fla. 1988).
[2] Section 2, Ch. 01-163, Laws of Florida. Cf., Art. I, s.24(c), Fla. Const., requiring that any exemption of records from the access requirements of subsection (a) must "state with specificity the public necessity justifying the exemption and shall be no broader than necessary to accomplish the stated purpose of the law.
[3] Black's Law Dictionary Parties p. 1008 (5th ed. 1979).
[4] 654 So.2d 302 (Fla. 4th DCA 1995). Cf., Op. Att'y Gen. Fla. 98-21 (1998), in which this office considered the decision inBrown for purposes of the limited attorney-client exemption afforded by s. 286.011(8), Fla. Stat. It had been argued that theBrown court's definition of "presently" meant that the attorney-client exemption applied even though the hospital district was not currently in litigation but might be in the future. This office noted that Brown involved a situation where there was ongoing litigation. While the mayor in Brown was the nominal party in the proceedings, the court recognized that the city was the real party in interest on the attorney's fee claims and thus could meet in executive session with the attorney to discuss the claim. In the situation considered in Op. Att'y Gen. Fla. 98-61 (1998), however, there was no litigation filed, only the threat of litigation. Thus, this office concluded that theBrown decision is distinguishable and is not dispositive of this issue.
[5] Id. at 303.