Dear Ms. Rosen:
On behalf of the Health Care District of Palm Beach County and Glades Hospital Holdings, Inc., you have asked for my opinion on substantially the following:
Whether the Board of Commissioners of the Health Care District of Palm Beach County may, in accordance with section 286.011(8), Florida Statutes, enter into closed attorney-client sessions for the purpose of discussing settlement negotiations and/or strategies related to litigation expenditures on pending litigation to which Glades Hospital Holdings, Inc., is a named party, and not the Health Care District of Palm Beach County.
The Health Care District of Palm Beach County (the district) was created by special act as an independent special district to provide comprehensive planning, funding, and coordination of health care services to Palm Beach County residents.[1] The Palm Beach County Health Care Act prescribes the powers of the district, which include the power to "operate, and maintain such health care facilities as shall be necessary for the use of the people of the County, including the continued presence of at least one hospital in the Glades area, subject to and limited by the future financial resources and constraints of the District. . . ."[2]
You have advised this office that the district board created Glades Hospital Holdings, Inc. (GHHI), a Florida not-for-profit corporation, the sole member of which is the district. Article III, section A, of the Articles of Incorporation for GHHI provides the corporation was established and shall be operated exclusively for charitable, scientific, and educational purposes, including:
"To establish, construct, own, lease, operate, support, maintain, and/or manage one or more acute care hospitals in Belle Glade, Florida, including, but not limited to, the hospital presently operating and otherwise known as`Glades General Hospital' . . . and in each case, subject to and in furtherance of the intent of the Legislature of the State of Florida in enacting Chapter 2003-326, Laws of Florida . . .and in furtherance of the authority and responsibilities of the District Board of the Health Care District of Palm Beach County . . .as set forth in the Act[.]"
The hospital was established to ensure the continued presence of a hospital in western Palm Beach County as required by the act.
Although the district has delegated substantial powers to GHHI relating to the day-to-day management and operation of the hospital facility, the district itself has retained significant authority, oversight, and control over the affairs of GHHI by reserving substantial powers to itself. Article II, section (1), of the Bylaws of Glades Hospital Holdings, Inc., specifically provides:
"Notwithstanding any other provision contained herein to the contrary, the Hospital Board shall not undertake any of the following actions without the prior approval of the District:
* * *
b. Approve any litigation expenditures[.]"
Section 286.011(1), Florida Statutes, requires governmental boards or commissions to conduct their business at open public meetings. Limited exceptions have been created by the Legislature for attorney-client discussions.[3] Prior to the enactment of this exemption, no attorney-client privilege for governmental agencies was recognized and the Sunshine Law had been construed to apply to all meetings between governmental agencies and their attorneys conducted for the purpose of discussing settlement of pending litigation.[4] Section 286.011(8), Florida Statutes,[5] provides that notwithstanding the provisions of subsection (1) and provided that the enumerated conditions are met:
"[A]ny board or commission of any state agency or authority or any agency or authority of any county, municipal corporation, or political subdivision, and the chief administrative or executive officer of the governmental entity, may meet in private with the entity's attorney to discuss pending litigation to which the entity is presently a partybefore a court or administrative agency. . . ." (e.s.)
Section 286.011(8), Florida Statutes, requires that the discussion relate to "pending litigation to which the entity is presently a party" and that the subject matter of any such meeting "shall be confined to settlement negotiations or strategy sessions related to litigation expenditures." Thus, the exemption provides a governmental entity's attorney the opportunity to receive necessary direction and information from the governmental entity regarding pending litigation.[6] In the question you have posed, the Palm Beach County Health Care District would not be a named party in an action against GHHI. You have asked whether, under these circumstances, the board of the health care district could meet pursuant to section 286.011(8), Florida Statutes, to approve litigation expenditures.
This office is aware of the decision of the Fourth District Court of Appeal in Brown v. City of Lauderhill,[7] in which the court held that although a city was not a named party in attorney's fee litigation with its counsel at the time of the meeting with its counsel, its interest dictated that it would soon be involved in any litigation necessary to protect or enforce its interest in the fee. In the Brown case, an ethics charge was brought against the mayor of the City of Lauderhill. All claims against the mayor were dismissed and the city filed a claim for attorney's fees against the original complainants alleging that the charges were frivolous and brought with malicious intent. The claim for attorney's fees was brought in the name of the mayor although it was the city's attorney who had defended against the ethics charge. The city and its attorney had met in private pursuant to section 286.011(8), Florida Statutes, to discuss litigation strategy and the appellants alleged that, since the city was not a named party to the litigation, the meeting violated Florida's open government laws.
The Fourth District Court of Appeal reviewed the record and determined that the city was the real party in interest on the attorney's fee claims. The court noted that although the mayor was the nominal party in all the proceedings, the city had retained its attorney to defend the charges and prosecute the attorney's fee action. The Brown case involved a situation where there was ongoing litigation and while the mayor was the nominal party in the proceedings, the court recognized that the city was the real party in interest on the attorney's fee claims and, thus, could meet in executive session with the attorney to discuss the claim.
As this office recognized in Attorney General's Opinion 95-06:
"Section 286.011(8), Florida Statutes, does not create a blanket exception to the open meeting requirement of the Sunshine Law for all meetings between a public board or commission and its attorney. The exemption is narrower than the attorney-client communications exception recognized for private litigants. Only discussions on pending litigation to which the public entity . . .is presently a party are subject to its terms. Such discussions are limited to settlement negotiations or strategy sessions related to litigation expenditures."[8]
In applying section 286.011(8), Florida Statutes, Florida courts have held that the Legislature intended a strict construction of the exemption. In School Board of Duval County v. Florida PublishingCompany,[9] the district court concluded that the exemption's purpose was to permit "any governmental agency, its chief executive and attorney to meet in private if the agency is a party to litigation and the attorney desires advice concerning settlement negotiations or strategy." (e.s.) Reading the exemption narrowly, this office, in Attorney General's Opinion 95-06, construed section 286.011(8), Florida Statutes, to preclude the temporary adjournment and reconvening of meetings in order for members who are attending such a session to leave the room and consult with others outside the meeting.
The legislative history of the exemption indicates that it was intended to apply only to discussions rather than to final action relating to settlement negotiations or litigation expenditures.[10] As was noted in the legislative analysis of the original bill enacting section 286.011(8), Florida Statutes, "[n]o final decisions on litigation matters can be voted on during these private, attorney-client strategy meetings. The decision to settle a case, for a certain amount of money, under certain conditions is a decision which must be voted upon in a public meeting."[11] Thus, as the Florida Supreme Court held in the Zorc v. City of Vero Beach, "[t]he settlement of a case is exactly that type of final decision contemplated by the drafters of section 286.011(8) which must be voted upon in the sunshine."[12]
Based on the relationship between the district and the corporation and the oversight exercised by the district over the corporation, you have represented to this office that the Health Care District of Palm Beach County is frequently the real party in interest in litigation in which Glades Hospital Holdings, Inc., is a named party. Further, you have indicated that in litigation involving the hospital, the district frequently joins as a named plaintiff in litigation with the hospital in recognition of this relationship. In those situations where the district is a real party in interest in litigation, then, under the rationale ofBrown v. City of Lauderhill, the Health Care District is entitled to hold private meetings for settlement negotiations or strategy sessions related to litigation expenditures pursuant to section 286.011(8), Florida Statutes.
Therefore, it is my opinion that the Board of Commissioners of the Health Care District of Palm Beach County may, in accordance with section 286.011(8), Florida Statutes, and the holding in Brown v. Cityof Lauderhill, enter into closed attorney-client sessions for the purpose of receiving information from and giving advice to attorneys representing the interests of Glades Hospital Holdings, Inc., and Glades General Hospital regarding settlement negotiations or strategies related to litigation expenditures. But any action to approve a settlement or litigation expenditures must be voted on in a public meeting.
Sincerely,
 Bill McCollum Attorney General
BM/tgh
[1] See Ch. 03-326, Laws of Fla., codifying, amending, and reenacting the special acts relating to the Health Care District of Palm Beach County. And see s. 1, Palm Beach County Health Care Act (s. 3(2), Ch. 03-326, supra), setting forth the intent of the legislature in adopting the act.
[2] Section 6(1) of the Palm Beach County Health Care Act.
[3] See s. 1, Ch. 93-232, Laws of Fla.
[4] See, e.g., Neu v. Miami Herald Publishing Company, 462 So. 2d 821
(Fla. 1985).
[5] Section 286.011(8), Fla. Stat., requires:
"Notwithstanding the provisions of subsection (1), any board or commission of any state agency or authority or any agency or authority of any county, municipal corporation, or political subdivision, and the chief administrative or executive officer of the governmental entity, may meet in private with the entity's attorney to discuss pending litigation to which the entity is presently a party before a court or administrative agency, provided that the following conditions are met:
(a) The entity's attorney shall advise the entity at a public meeting that he or she desires advice concerning the litigation.
(b) The subject matter of the meeting shall be confined to settlement negotiations or strategy sessions related to litigation expenditures.
(c) The entire session shall be recorded by a certified court reporter. The reporter shall record the times of commencement and termination of the session, all discussion and proceedings, the names of all persons present at any time, and the names of all persons speaking. No portion of the session shall be off the record. The court reporter's notes shall be fully transcribed and filed with the entity's clerk within a reasonable time after the meeting.
(d) The entity shall give reasonable public notice of the time and date of the attorney-client session and the names of persons who will be attending the session. The session shall commence at an open meeting at which the persons chairing the meeting shall announce the commencement and estimated length of the attorney-client session and the names of the persons attending. At the conclusion of the attorney-client session, the meeting shall be reopened, and the person chairing the meeting shall announce the termination of the session.
(e) The transcript shall be made part of the public record upon conclusion of the litigation."
[6] See Op. Att'y Gen. Fla. 04-35 (2004).
[7] 654 So. 2d 302 (Fla. 4th DCA 1995).
[8] And see School Board of Duval County v. Florida PublishingCompany, 670 So. 2d 99 (Fla. 1st DCA 1966), agreeing with Op. Att'y Gen. Fla. 95-06 (1995), and quoting the opinion extensively. See also Op. Att'y Gen. Fla. 04-35 (2004) (application of s. 286.011(8) limited to pending litigation; it does not apply when no lawsuit has been filed even though the parties involved believe litigation is inevitable).
[9] 670 So. 2d 99 (Fla. 1st DCA 1996). And see City of Dunnellon v.Aran, 662 So. 2d 1026 (Fla. 5th DCA 1995); Zorc v. City of VeroBeach, 722 So. 2d 891 (Fla. 4th DCA 1998).
[10] See Staff of Florida House of Representatives Committee on Governmental Operations, CS/HB 491 (1993) Final Bill Analysis Economic Impact Statement p. 2 (Florida State Archives).
[11] Id. at p. 3.
[12] Zorc v. City of Vero Beach, 722 So. 2d 891 at 901. See alsoFreemen v. Times Publishing Company, 696 So. 2d 427 (Fla. 2d DCA 1997) (discussion of methods or options to achieve continuing compliance with a long-standing federal desegregation mandate [such as whether to modify the boundaries of a school zone to achieve racial balance] must be held in the sunshine.) Compare Bruckner v. City of Dania Beach,823 So. 2d 167,172 (Fla. 4th DCA 2002) (closed city commission meeting to discuss various options to settle a lawsuit involving a challenge to a city resolution, including modification of the resolution, authorized because the commission "neither voted, took official action to amend the resolution, nor did it formally decide to settle the litigation") andBrown v. City of Lauderhill, 654 So. 2d 302, 303 (Fla. 4th DCA 1995) (closed-door session between city attorney and board to discuss claims for attorney's fees, authorized).