Dear Mr. Kohlmyer:
As counsel to the Town of Yankeetown, you ask the following question:
 May a town council which has received a pre-suit notice letter under the Bert J. Harris Act conduct a closed meeting pursuant to section 286.011(8), Florida Statutes, to discuss settlement negotiations?
In sum:
 A town council which has received a pre-suit notice letter under the Bert J. Harris Act is not a party to pending litigation and, therefore, may not conduct a closed meeting pursuant to section 286.011(8), Florida Statutes, to discuss settlement negotiations.
The "Bert J. Harris, Jr., Private Property Rights Protection Act" recognizes that some laws, regulations, and ordinances of the state and political entities in the state "may inordinately burden, restrict, or limit private property rights without amounting to a taking[.]" The act, therefore, creates a separate and distinct cause of action from a takings suit to remedy such situations.[1] It sets forth the procedures for seeking relief and in part provides:
 "Not less than 180 days prior to filing an action under this section against a governmental entity, a property owner who seeks compensation under this section must present the claim in writing to the head of the governmental entity, except that if the property is classified as agricultural pursuant to s. 193.461, the notice period is 90 days."[2]
 The governmental entity is required to provide written notice of the claim to all parties to any administrative action that gave rise to the claim and to all owners of real property contiguous to the affected parcel. Within 15 days after the claim has been presented, the governmental entity must report the claim in writing to the Department of Legal Affairs and provide the department with the name, address and telephone number of the employee who may be contacted for additional information.[3]
During the applicable 90-day or 180-day notice period, unless extended by mutual agreement, the governmental entity is required to make a written settlement offer to effectuate:
 "1. An adjustment of land development or permit standards or other provisions controlling the development or use of land.
 2. Increases or modifications in the density, intensity, or use of areas of development.
 3. The transfer of developmental rights.
 4. Land swaps or exchanges.
 5. Mitigation, including payments in lieu of onsite mitigation.
 6. Location on the least sensitive portion of the property.
 7. Conditioning the amount of development or use permitted.
 8. A requirement that issues be addressed on a more comprehensive basis than a single proposed use or development.
 9. Issuance of the development order, a variance, special exception, or other extraordinary relief.
 10. Purchase of the real property, or an interest therein, by an appropriate governmental entity.
 11. No changes to the action of the governmental entity.
If the property owner accepts the settlement offer, the governmental entity may implement the settlement offer by appropriate development agreement; by issuing a variance, special exception, or other extraordinary relief; or by other appropriate method, subject to paragraph (d)."[4]
Thus, the act sets forth a laundry list of steps that the governmental entity may take to settle the claim for which it has been notified. If a settlement agreement has the effect of a modification, variance, or special exception to a rule, regulation, or ordinance as it would otherwise apply to the subject property, the statute requires that the relief granted must protect the public interests served by the regulations and be appropriate to avoid an inordinate regulatory burden on the property.[5] If the settlement contravenes the application of a statute that would otherwise be applied to the subject property, the agreement must be reviewed and approved by the circuit court to assure that the relief granted protects the public interest served by the statute and that it is the appropriate relief to avoid an inordinate burden upon the subject property.[6]
In addition, during the notice period, unless a settlement offer has been accepted, each governmental entity notified pursuant to the act must issue a written "ripeness decision" identifying the uses to which the property may properly be put. Should the governmental entity fail to issue a written ripeness decision during the applicable notice period, the prior actions of the governmental entity are deemed to be ripe and such failure is deemed a ripeness decision which has been rejected by the property owner. The act states that "[t]he ripeness decision, as a matter of law, constitutes the last prerequisite to judicial review, and the matter shall be deemed ripe or final for the purposes of the judicial proceeding created by this section, notwithstanding the availability of other administrative remedies."[7] (e.s.)
It would appear that the statute distinguishes the activities occurring after pre-suit notice has been received and during the notice period from the judicial proceedings that may occur after the issue has become ripe for judicial review.
Section 286.011(8), Florida Statutes, makes litigation strategy or settlement meetings confidential when they are held between a board and its attorney and the board is a party before a court or administrative agency. The statute allows access to the record of such meeting when the litigation is concluded. Specifically, the statute states that:
"Notwithstanding the provisions of subsection (1), any board or commission of any state agency or authority or any agency or authority of any county, municipal corporation, or political subdivision, and the chief administrative or executive officer of the governmental entity, may meet in private with the entity's attorney to discuss pending litigation to which the entity is presently a party before a court or administrative agency, provided that the following conditions are met:
 (a) The entity's attorney shall advise the entity at a public meeting that he desires advice concerning the litigation.
 (b) The subject matter of the meeting shall be confined to settlement negotiations or strategy sessions related to litigation expenditures.
 (c) The entire session shall be recorded by a certified court reporter. The reporter shall record the times of commencement and termination of the session, all discussion and proceedings, the names of all persons present at any time, and the names of all persons speaking. No portion of the session shall be off the record. The court reporter's notes shall be fully transcribed and filed with the entity's clerk within a reasonable time after the meeting.
 (d) The entity shall give reasonable public notice of the time and date of the attorney-client session and the names of persons who will be attending the session. The session shall commence at an open meeting at which the persons chairing the meeting shall announce the commencement and estimated length of the attorney-client session and the names of persons attending. At the conclusion of the attorney-client session, the meeting shall be reopened, and the person chairing the meeting shall announce the termination of the session.
 (e) The transcript shall be made part of the public record upon conclusion of the litigation."
As this office recognized in Attorney General Opinion 95-06:
 "Section 286.011(8), Florida Statutes, does not create a blanket exception to the open meeting requirement of the Sunshine Law for all meetings between a public board or commission and its attorney. The exemption is narrower than the attorney-client communications exception recognized for private litigants. Only discussions on pending litigation to which the public entity . . . is presently a party are subject to its terms. Such discussions are limited to settlement negotiations or strategy sessions related to litigation expenditures."[8]
It is well settled that the Sunshine Law was enacted for the benefit of the public and should be construed liberally to give effect to its public purpose, while exceptions to its terms should be defined narrowly.[9]
Section 286.011(8), Florida Statutes, refers to pending litigation to which the entity is presently a party before a court or administrative agency. The term "presently" is defined as "[i]mmediately; now; at once" while "pending" is defined as:
 "Begun, but not yet completed; during; before the conclusion of; prior to the completion of; unsettled; undetermined; in process of settlement or adjustment. Thus, an action or suit is "pending" from its inception until the rendition of final judgment."[10]
 Courts have concluded that the Legislature intended that the exemption in section 286.011(8), Florida Statutes, be strictly construed, as in School Board of Duval County v. Florida Publishing Company[11] where the district court found that the purpose of the exemption was to permit "any governmental agency, its chief executive and attorney to meet in private if the agency is a party to litigation and the attorney desires advice concerning settlement negotiations or strategy." (e.s.) As noted in Attorney General Opinion 98-21, had the Legislature's intent been to extend the exemption to include impending or imminent litigation as well as pending litigation, it could have easily so provided as it has in section 119.071(1)(d)1., Florida Statutes. That section provides a limited work-product exemption for records "prepared exclusively for civil or criminal litigation or for adversarial administrative proceedings," and for records "prepared in anticipation of imminent civil or criminal litigation or imminent adversarial administrative proceedings[.]"
The situation you pose is similar to the one considered in Attorney General Opinion 2006-03 where this office was asked whether a closed attorney-client session could be held to discuss settlement negotiations on an issue that was the subject of ongoing mediation pursuant to a partnership agreement between a water management district and others. After discussing the intent of section 286.011(8), Florida Statutes, and analyzing its terms, this office concluded that the statute did not apply to the mediation prescribed in the partnership agreement since no litigation had been filed in either the courts or before an administrative body.
More recently, in Attorney General Opinion 2009-14, this office concluded that a city could not hold a closed meeting pursuant to section286.011(8), Florida Statutes, to discuss the terms of mediation undertaken pursuant to the conflict resolution procedures set forth in Chapter 164, Florida Statutes. The exemption contained in section286.011(8), Florida Statutes, does not extend to discussions between the city attorney and the city commission regarding settlement under the Florida Governmental Conflict Resolution Act.[12]
At the time pre-suit notice is given under the Bert J. Harris Act, no action has been filed in a court or before an administrative body. While there is the anticipation of a civil proceeding, I cannot conclude that one would be pending such that the provisions of section 286.011(8), Florida Statutes, would be available.
Accordingly, it is my opinion that a town council which has received a pre-suit notice letter under the Bert J. Harris Act is not a party to pending litigation and, therefore, may not conduct a closed meeting pursuant to section 286.011(8), Florida Statutes, to discuss settlement negotiations.
Sincerely,
Bill McCollum
Attorney General
BM/tals
[1] Section 70.001(1), Fla. Stat.
[2] Section 70.001(4)(a), Fla. Stat. If complete resolution of the matter requires active participation by more than one governmental entity, the property owner must present the claim to each of the governmental entities involved.
[3] Section 70.001(4)(b), Fla. Stat.
[4] Section 70.001(4)(c), Fla. Stat. Section 70.001(4)(d), Fla. Stat., sets forth a requirement that action taken by the governmental entity in settling a claim "shall protect the public interest served by the regulations at issue and be the appropriate relief necessary to prevent the governmental regulatory effort from inordinately burdening the real property."
[5] Section 70.001(4)(d)1., Fla. Stat.
[6] Section 70.001(4)(d)2., Fla. Stat.
[7] Section 70.001(5)(a), Fla. Stat.
[8] And see School Board of Duval County v. Florida Publishing Company, 670 So. 2d 99 (Fla. 1st DCA 1996), agreeing with and quoting Op. Att'y Gen. Fla. 95-06 (1995). See also Op. Att'y Gen. Fla. 04-35 (2004) (s. 286.011[8]'s application limited to pending litigation; it does not apply when no lawsuit has been filed even though the parties involved believe litigation is inevitable).
[9] See City of Dunnellon v. Aran, 662 So. 2d 1026 (Fla. 5th DCA 1995) and Board of Public Instruction of Broward County v. Doran, 224 So. 2d 693,699 (Fla. 1969).
[10] Black's Law Dictionary, pp. 1066 and 1021 (5th ed. 1979), respectively. And see Black's Law Dictionary Present ("Now existing . . . Being considered"), p. 1221; and Pending (awaiting decision; under consideration; throughout the continuance of; during), p. 1169 (8th ed. 2004).
[11] 670 So. 2d 99 (Fla. 1st DCA 1996). And see City of Dunnellon v. Aran, supra.; Zorc v. City of Vero Beach, 722 So. 2d 891 (Fla. 4th DCA 1998).
[12] See also Inf. Op. to McQuagge, dated February 13, 2002 (absent expression of legislative intent that officials attending mediation sessions pursuant to section 164.1055, Florida Statutes, are authorized to privately discuss among themselves the matters being considered at such a meeting, such meetings must be conducted openly and in accordance with the provisions of section 286.011, Florida Statutes).